## HASLER *vs.* SCHUMACHER.

APPEAL FROM CIRCUIT COURT, BROWN COUNTY.

Heard November 18, 1859.]            ·            [Decided January 4, 1860.

### *Pre-emption—Practice—Swamp Lands.*

On the trial of an appeal from the commissioners to grant pre-emption to swamp lands, the claimant offered in evidence the affidavit required by law to be filed, for the .purpose of showing that he had complied with the statute, but did not read its contents: Held, that the opposite party was at liberty to read the whole of the affidavit, to show that it did not correspond with the case made by the proof on the trial. The affidavit constituted a part of the record of the case, and the parties have a right to use it, to see what the claim is.

This was an appeal by John Hassler from a decision of the commissioners of the swamp and overflowed lands, awarding a pre-emption right to certain lands to Frans Schumacher. The facts of. the case may be gathered from the opinion of the court.

*T. O. Howe,* for the appellant.

*E. H. Ellis,* for the respondent.

*By the Court,* PAINE, J.    This was a contest between the parties, for the right of pre-empting certain swamp lands, under the provisions of chap. 84, Laws of 1855.   The commissioners decided in favor of the respondent, and from their decision the appellant appealed to the circuit court of Brown county, where the lands were situated.   By. the provisions of the law, the pre-emptor was obliged to file a declaratory statement of his claim, and an affidavit of two witnesses, showing the facts upon which the right to pre-empt was claimed, with the register of deeds of the county where the land was situated, and also a certified copy with the Secretary of State. And on an appeal from the decision of the commissioners, a

certified copy of this statement, and the affidavits by which it is supported, constitute the return to the circuit court.

In this case the controversy seems to have been in regard to the making of the improvements required by the act. On the trial the respondent offered in evidence the affidavit, for the purpose of showing that he had complied with the statute in filing it, but it was not read. And when the counsel for the appellant was arguing the case to the jury, he desired to read the affidavit, for the purpose of contending that the improvements mentioned in it were of a different kind from those which the respondent had attempted to prove at the trial. This was objected to, and the court prohibited him from doing it; to which exception was taken.

We think this was erroneous, and that the right of the counsel to make such use of the affidavit, can be supported on two grounds. 1. It had been offered in evidence by the other party, not simply " to show that it had been filed," as the court held, but also to show that it was an affidavit such as was required by law to be filed, that it contained the statements necessary for such an affidavit to contain, and that it set forth such improvements made by the respondent as was necessary to be set forth, to lay a foundation for his pre-emption claim. True, it was not offered as any evidence of the *truth* of the statements it contained, but it was *offered to show that it contained the necessary statements.* For if it was only offered to show that the paper was filed, how could the jury or the court know but it was a blank paper ? If it was to be inspected only so far as to see that it was an affidavit, how was it to be known that it was not an affidavit of an entirely different character? Clearly it was offered, as it was necessary to offer it, to show not only that it was filed, but that its contents were such as were required in such an affidavit. And the use which the appellant's counsel sought to make of it, was not at all inconsistent with

Hasler vs. Schumacher.

this purpose, for which the paper was in evidence. He did not seek to use it as evidence of the truth of its contents, but simply to show what its contents were; and then to contend that the respondent had supported his declaratory statement by a claim for one kind of improvements, and had on the trial sought to establish another. If this was so, it might have an important influence in determining the justice and truth of the claim. We do not say that it would have shown any such state of things. But we say, that if the counsel contended that it would, it having been offered in evidence to show that it was an affidavit in support of the respondent's claim, and properly filed as such, he had a right to comment upon it, and contrast the character of its claim with that of the proof offered on the trial.

We think it may also be supported on the ground that the statement and affidavit constitute the record of the respondent's claim. They stand for his pleadings in the suit. They constitute the notice, and the only notice he is required to give of the facts upon which he is to rely. The affidavits go with the statement, and both together advertise other claimants what they have to meet. If, therefore, in these, one class of improvements is relied on, and on the trial another, has not the opposite party the right to whatever effect such a departure from the claim set up on the record should have? Has he not a right to refer to the claim set up, and contrast it with that offered in evidence, to show such departure if he can? We think so. It would be as if a party in an affidavit for attachment should set forth one debt, and on the trial offer evidence of another; or in an affidavit for replivin claim one kind of property, and on the trial prove another. In such cases, we think, the other party has a right to refer to any difference between the claim which ,is set up originally on the record and that which is sought to be established.

We may say that we have no doubt of the respondent's

right to the benefit of sec. 10, chap. 84, Laws of 1855, if at the time of its passage he occupied the lands as therein required; and that this right would not be defeated by showing that at the time of his original entry, the lands were in market under the laws of the United States, so that he was technically a trespasser on their lands. If he was such trespasser, that was a matter between him and the United States. And the lands having been granted to the state, and the law giving the right of pre-emption expressly to all who occupied at the time of its passage, we do not think there was any intention to go back and raise questions between the occupants and the United States. We think this point is substantially decided in the remarks of this court in *Veeder vs. Guppy*, 3 Wis., 526–7.

But for the reason first stated, the judgment is reversed, with costs, and the cause remanded for a new trial.