THOMAS N. FILES *vs.* BOSTON AND ALBANY RAILROAD COMPANY.

Suffolk.    March 12, 1889. — May 10, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Railroad — Passenger — Riding on Freight Locomotive — Custom.*

A person who attempts to get into the cab of a locomotive engine attached to a freight train on a railroad used exclusively for the transportation of freight, to ride for his own convenience, by invitation of the conductor of the train, does not acquire the rights of a passenger, and cannot recover for personal injuries occasioned to him by the starting of the engine, even if he has previously ridden thereon by a similar invitation, and has seen others, including railroad employees, do so.

TORT for personal injuries received by the plaintiff in attempting to get upon a locomotive engine belonging to the defendant. Trial in the Superior Court, before *Hammond*, J., who ordered a verdict for the defendant, and reported the case for the determination of this court. If the ruling was erroneous, the verdict was to be set aside; otherwise, judgment was to be entered on the verdict. The facts appear in the opinion.

*B. Hall & J. F. Cronan,* for the plaintiff.

*Samuel Hoar,* for the defendant.

DEVENS, J.   The plaintiff, by invitation of the defendant's conductor of a freight train upon a railroad belonging to the defendant and used entirely for the transportation of freight, was getting upon the locomotive engine attached to the train in order to ride in the cab thereof, when the engine started, causing him to fall off and occasioning to him injuries, to recover damages for which he brings this suit.   He had been to the office of the defendant's freight agent to order cars for the use of the firm of which he was the shipping clerk.   He had at some previous times ridden back on the engine to his employer's yard, and it was sometimes necessary for him to direct where the freight cars ordered should be placed in the yard on their arrival, but there was no evidence that there was any such necessity at the time of the accident.   The plaintiff also testified that he had seen others, including the local freight agent and a conductor, ride on the engine at various times.

Upon this evidence, the plaintiff contends that a usage was shown to carry back in the cab of the locomotive engine from the local freight office to his place of business the messenger ordering freight cars, when such cars were sent at once, and that the defendant is thus responsible for the carelessness of its engineer or conductor in starting the locomotive engine before he had fairly got upon it, even if the plaintiff was not to pay any fare.   It may be conceded that, if the defendant had permitted the plaintiff to acquire the rights of a passenger, it would not be important that he was not to pay any fare.   *Todd* v. *Old Colony & Fall River Railroad,* 3 Allen, 18.   There was no evidence of any malicious act or gross negligence on the part of the defendant's servants, and the question presented by the case is whether one who attempts to get on board a locomotive engine attached to a freight train on a railroad devoted exclusively to the transportation of freight, by invitation of the conductor, acquires the rights of a passenger, even if he has previously ridden on the locomotive by a similar invitation, and has seen other servants of the corporation do so.   The defendant's railroad might properly be held responsible for acts done by the freight conductor in the line of his duty, perhaps also for acts done by

him in the apparent line of the duty intrusted to him, if such as one dealing with him would be authorized to treat as done by authority of the company.

If a person takes an exposed position upon a train not designed for the use of passengers, he himself incurs the special risks of that position, whether he takes it by the license, non-interference, or even express permission of the conductor. *Hickey* v. *Boston & Lowell Railroad*, 14 Allen, 429. *Bates* v. *Old Colony Railroad*, 147 Mass. 255. *Torrey* v. *Boston & Albany Railroad*, 147 Mass. 412.

In the case at bar, the conductor had no general authority, so far as shown, to take passengers on the locomotive engine, or any special authority to take the plaintiff. The conductor was not only in charge of a freight train, but on a road intended solely for the transportation of freight. The locomotive engine was obviously not intended for passengers, and he had in his charge no vehicle, nor any part of a vehicle, in any way adapted for passengers. In riding for his own convenience in a place where it was not safe or prudent to ride, the plaintiff took on himself the risks of so doing, whether he did so by the license or on the invitation of the conductor. It was not within the apparent scope of the freight conductor's authority to permit persons to ride on his freight train, far less on the locomotive engine thereof; nor can the fact that he had allowed the plaintiff to do so at a previous time, and also that the local freight agent and a conductor were known by the plaintiff to have ridden on the locomotive engine, make the defendant responsible for accidents which occurred thereby. *Hickey* v. *Boston & Lowell Railroad*, 14 Allen, 429. *Merrill* v. *Eastern Railroad*, 139 Mass. 238.

*Judgment on the verdict.*