City of Milwaukee, Appellant, vs. Althoff, by guardian, and another, Respondents.

*January 17—February 3, 1914.*

*Master and servant: When relation exists: Hours of employment:. Injury when walking to place of work: Workmen's Compensation Act: Municipal corporations: Liability to city employee: Defective sidewalk.*

1. The relation of master and servant may extend beyond the hours the servant is actually required to labor, and in some instances to places other than the premises where the servant is employed.

2. When a city employee reported to his foreman, received his instructions for the day, and proceeded to carry out such instructions by starting for the place where he was to work, the relation of master and servant commenced, and in walking to the place of work he was "performing service growing out of and incidental to his employment," within the meaning of sec. 2394—4, Stats, 1911.
3. Where at a time when he is "performing service growing out of and incidental to his employment," a city employee is injured by reason of a defective sidewalk, the liability provided for by the Workmen's Compensation Act is in lieu of any other liability whatsoever, and his remedy against the city is under that section and not under sec. 1339, Stats.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The appeal is from a judgment affirming an award of $2,138.11 made in favor of *Minnie Althoff* by the *Industrial Commission* under the Workmen's Compensation Act against the city of *Milwaukee* on account of the death of William A. Althoff, the father of said *Minnie Althoff.*

The deceased was employed by the city at an agreed compensation of $2 per day. His hours of labor were fixed at eight hours a day by an ordinance of the city, and he began work at 8 o'clock in the morning and finished at 5 in the afternoon. He was required to report to his foreman at 7:30 o'clock each morning to receive instructions as to where he was to work during the day, so that he might reach his place of employment at 8 o'clock. He reported according to custom on the morning of May 3, 1912, and, after receiving instructions as to where he was to work, proceeded toward the place. While on his way he fell on a sidewalk and injured his knee. He died on September 21, 1912, and it was found on sufficient evidence that his death was due to the injury which he received when he fell.

For the appellant there was a brief by *Daniel W. Hoan,* city attorney, and *William H. Timlin, Jr.,* first assistant city attorney, and oral argument by *Mr. Timlin.* They cited *Ben-*

son v. Lancashire & Y. R. Co. [1904] 1 K. B. 242, 6 Workm.
Comp. Cas. 20; Jackson v. General S. F. Co. [1909] App.
Cas. 523, 2 Butterworth's Workm. Comp. Cas. 56; Gilmour
v. Dorman, L. & Co. 105 L. T. Rep. 54, 4 Butterworth's
Workm. Comp. Cas. 279; Walters v. Staveley. C. & I. Co. 131
L. T. 103; Anderson v. Fife C. Co: 47 Scot. Law Rep. 3, 5,
3 Butterworth's Workm. Comp. Cas. 539; Perry v. Anglo-
American D. Co. 3 Butterworth's Workm. Comp. Cas. 310;
Kane v. Merry, 48 Scot. Law Rep. 430, 4 Butterworth's
Workm. Comp. Cas. 379; Whitehead v. Reader, 3 Workm.
Comp. Cas. 40; Kerr v. Wm. Baird & Co. 48 Scot. Law Rep.
646, 4 Butterworth's Workm. Comp. Cas. 397; M'Daid v.
Steel, 48 Scot. Law Rep. 765, 4 Butterworth's Workm. Comp.
Cas. 412; Traynor v. Robert Addie & Sons, 48 Scot. Law
Rep. 820, 4 Butterworth's Workm. Comp. Cas. 357; Barnes
v. Nunnery C. Co. 4 Butterworth's Workm. Comp. Cas. 43;
Jenkinson v. Harrison, A. & Co. 4 Butterworth's Workm.
Comp. Cas. 194; Lowe v. Pearson, 79 L. T. Rep. 654, 1
Workm. Comp. Cas. 5; Conway v. Pumpherston Oil Co. 48
Scot. Law Rep. 632, 4 Butterworth's Workm. Comp. Cas.
392; Harding v. Brynddu C. Co. [1911] 2 K. B. 747, 4
Butterworth's Workm. Comp. Cas. 269.

Max P. Kufalk, for the respondent Althoff.

For the respondent Industrial Commission there was a
brief by the Attorney General and Byron H. Stebbins, assist-
ant attorney general, and oral argument by Mr. Stebbins.

Barnes, J.   The appellant contends that it is not liable
for injuries received by one of its employees while on his
way to work; that the relation of master and servant did not
exist when deceased was injured; and that if there is any lia-
bility on the part of the city it arises out of sec. 1339, Stats.

Sec. 2394—4, Stats. 1911, provides for liability for com-
pensation "Where, at the time of the accident, the employee
is performing service growing out of and incidental to his

employment." The material questions in the case are: Did the relation of master and servant exist when the accident occurred? And, if so, was Althoff performing a service growing out of and incidental to his employment? There is no dispute on the evidence pertaining to these questions and they involve propositions of law rather than matters of fact.

The relation of master and servant may extend beyond the hours the servant is actually required to labor, and in some instances to places other than the premises where the servant is employed. *Ewald v. C. & N. W. R. Co.* 70 Wis. 420, 36 N. W. 12, 591; *Helmke v. Thilmany,* 107 Wis. 216, 221, 83 N. W. 360; *Pool v. C., M. & St. P. R. Co.* 53 Wis. 657, 11 N. W. 15; *Kunza v. C. & N. W. R. Co.* 140 Wis. 440, 123 N. W. 403.

The courts very generally hold that the relation of master and servant exists when the servant is under the master's control and subject to his direction. 5 Labatt, Mast. & Serv. (2d ed.) 5425, § 1806; *Harvey v. T. & P. R. Co.* 166 Fed. 385; *Taylor v. George W. Bush & Sons Co.* 6 Pennewill (Del.) 306, 66 Atl. 884; *St. Louis, A. & T. R. Co. v. Welch,* 72 Tex. 298, 10 S. W. 529; *Powers v. Calcasieu S. Co.* 48 La. Ann. 483, 19 South. 455.

Such seems to be the holding of the English courts under a substantially similar provision of the English Workmen's Compensation Act. *Sharp v. Johnson,* 74 L. J. K. B. 566, 567; *Blovelt v. Sawyer,* 73 L. J. K. B. 155; *Hoskins v. Lancaster,* 3 Butterworth's Workm. Comp. Cas. 476; *Fitzpatrick v. Hindley Field C. Co.* 3 Workm. Comp. Cas. 37; *Lowry v. Sheffield C. Co.* 1 Butterworth's Workm. Comp. Cas. 1; *Riley v. Wm. Holland & Sons,* 80 L. J. K. B. 814; *Holmes v. G. N. R. Co.* [1900] 2 Q. B. 409.

In the instant case, when the servant reported to his foreman and received his instructions for the day and proceeded to carry out these instructions by starting for the place where he was to work, we think the relation of master and servant

commenced, and that in walking to the place of work the servant was performing a service growing out of and incidental to his employment.

The liability provided for by the Compensation Act is in lieu of any other liability whatsoever, and the remedy under it is exclusive. Sec. 2394—4, Stats. 1911. Holding as we do that the relation of master and servant existed, and the parties being subject to the Compensation Act, the remedy of the claimant is under that act, and not under sec. 1339, Stats.

*By the Court.*—Judgment affirmed.

TIMLIN, J., took no part.