HORNBURG, Respondent, vs. MORRIS, Appellant.

*March 14—April 11, 1916.*

*Workmen's compensation: Conditions of liability: City employees: Injury while going to work: What are "premises" of employer: Streets: Cause of action against third person: Assignment to employer.*

1. Under sec. 2394—3, Stats. 1913, an employee going to or from his employment is not "performing service growing out of and incidental to his employment" except while he is "on the premises of his employer." The rule announced in *Milwaukee v. Althoff*, 156 Wis. 68, is limited accordingly.
2. Where city streets are used by an employee of the city solely for the purpose of going to and from an employment carried on at a definite place other than a street, they are not the "premises of his employer," within the meaning of said statute.
3. A city fireman who was injured while using the streets solely for the purpose above stated had no lawful claim against the city under the Workmen's Compensation Act, and no continued payment of salary during his disability could create a claim against the city or operate as an assignment to it, under sec. 2394—25, Stats. 1913, of any cause of action in tort which he might have against any other party for such injury.

APPEAL from an order of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

Action begun in the civil court to recover damages sustained by a collision with defendant's automobile. Plaintiff was a member of the fire department of the city of Milwaukee. On the 6th of August, 1914, at about 1:50 o'clock in the afternoon, he collided with defendant's automobile while riding a motorcycle near the intersection of Second and Burleigh streets. He was returning to his work after his midday meal and was due at the engine house at 2 o'clock. The evidence showed that for several months after his injury he was unable to work, but that pursuant to a custom or an ordinance of the city he received full pay. The ordinance reads: "Sec. 569. Policemen and firemen shall receive full salary when

injured so as to come under chapter 50 of the Laws of Wisconsin for 1911 and acts amendatory thereof and supplemental thereto."

At the close of plaintiff's testimony the civil court granted a nonsuit because plaintiff came under the Workmen's Compensation Act, and, having received compensation from the city, his claim against defendant, if any, was assigned to it. Upon appeal the circuit court reversed the judgment of the civil court and ordered a new trial on the ground that plaintiff was not injured while in the employ of the city and hence did not come under the Workmen's Compensation Act. From such order the defendant appealed.

For the appellant there was a brief by *Runkel, Runge & McLogan,* attorneys, and *Henry J. Bendinger,* of counsel, and oral argument by *Harry R. McLogan.*

For the respondent there was a brief by *Tibbs, Foster & Schroeder,* attorneys, and *A. W. Foster,* of counsel, and oral argument by *A. W. Foster.*

VINJE, J. . In *Milwaukee v. Althoff,* 156 Wis. 68, 145 N. W. 238, it was held that the relation of master and servant under the Workmen's Compensation Act may in some instances extend to places other than the premises of the master where the servant is employed, while he is going to and from work.    That was so held under the law as it stood prior to the amendment of ch. 599, Laws 1913, which limited the conditions of liability by this clause: "Every employee going to and from his employment in the ordinary and usual way while on the premises of his employer, shall be deemed to be performing service growing out of and incidental to his employment."    [Sec. 2394—3, Stats. 1913.]    It is evident that the plaintiff in this case did not come under the act unless the streets of Milwaukee are considered the premises of the city within the meaning of the act.    The *Althoff Case* was, impliedly at least, decided upon the assumption that the city streets were not the premises of the master, for reference

was made to the fact that the relation of master and servant might exist beyond such premises while going to, and from work. Such relation while going to and from work is now by statute limited to the premises of the employer. Plaintiff was a pipeman and truckman in the fire department of the city and on the day in question he was stationed at the engine house, and was due there at 2 o'clock in the afternoon. In using the streets of the city in going to and from work he used them the same as any employee of a private employer would do. His duty as a fireman did not then call for a use of the streets in any other manner than does the duty of any person who desires to use them in going to and from work. The streets are free to everybody who desires to use them in a lawful manner, and when used solely for the purpose of going to and from work cannot be called the premises of the city within the meaning of the act. That they may in many cases constitute the premises of the city within the meaning of the act is quite obvious; as for instance in the case of an injury to a policeman or fireman while on duty in a street or of a street employee in the performance of his duty thereon. But where the streets are used solely for the purpose of going to and from an employment carried on at a definite place other than a street they are not premises within the meaning of the act. The enactment of the amendment in 1913 must be considered a limitation of the rule announced in the *Althoff Case,* which was decided under the law as it stood previous to the amendment, the injury in that case having occurred on May 3, 1912.

If the relation of master and servant did not exist between plaintiff and the city at the time of injury, then plaintiff had no lawful claim against it the making of which would operate as an assignment to it of his cause of action against the defendant by virtue of sec. 2394—25, which reads:

"The making of a lawful claim against an employer for compensation under sections 2394—3 to 2394—31, inclusive, for the injury or death of his employee shall operate as an as-

signment of any cause of action in tort which the employee or his personal representative may have against any other party for such injury or death; and such employer may enforce in his own name the liability of such other party."

No payment of salary under the ordinance or otherwise could operate to create a claim against the city, where, because of lack of relation of master and servant at the time of the injury, none existed. The only party, if any, liable for the injury to plaintiff was the defendant. That being so, plaintiff's right to maintain the action against him is not transferred to the city by reason of its paying plaintiff's salary while not on duty.

*By the Court.*—Order affirmed.