Wimmer, Appellant, *v.* Upper Saucon Township School District et al.

Argued December 13, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Claude T. Reno,* and with him *Dallas Dillinger, Jr.,* for appellant.

*Paul D. Zentmyer,* for appellee.

OPINION BY PARKER, J., February 1, 1935:

The claimant in this workmen's compensation case, a school teacher, lost his right eye as the result of an accident which occurred after he had left his home in the morning and before he arrived at the school where he was engaged in teaching. The sole objection to the claim is that the appellant, at the time he received his injury, was not in the course of his employment with the defendant. The referee and board found for the defendant and, on appeal, the common pleas court affirmed the board.

An employee is not ordinarily protected by the Workmen's Compensation Act in going to and returning from his place of employment: Cronin v. Amer. Oil Co., 298 Pa. 336, 148 A. 476. ''In every instance where compensation was allowed for accidental in-

juries, occurring off the premises of the employer, the facts warranted the conclusion that the employee sustained his injuries while actually on the errand of, or during a time set apart for the performance of, some as yet uncompleted business of his employer; in other words, while actually engaged in the transaction of the latter's business'': Maguire v. Jas. Lees & Sons Co., 273 Pa. 85, 88, 116 A. 679; Bowser v. Milliron Constr. Co., 93 Pa. Superior Ct. 34, 40. ''Injury by an accident in the course of his employment'' by the statute (Act of June 2, 1915, P. L. 736, §301; 77 PS 411) is defined so as to include ''injuries sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer.'' '' 'Actually' means 'as an actual or existing fact;' and the word 'actual' is used as 'opposed to constructive' '': Maguire v. Jas. Lees & Sons Co., supra, p. 88. It is necessary to refer to the evidence for the purpose of ascertaining whether the defendant has brought himself within any of the exceptions covering persons injured while off the premises of the employer.

Wilson E. Wimmer, Jr., in January, 1933, was employed by the defendant as a teacher of the fifth and sixth grades of a consolidated school. On the morning of January 9, he drove his automobile from his home, located about three miles from the school where he was required to be at 8:30 A. M. He had frequently stopped for two pupils, children of Orville Moyer, who attended the first and second grades of the same school, for the purpose of transporting them to the school. This service was entirely voluntary and was not rendered by virtue of any direction or employment by the school district. At about 8:20 A. M., when in front of the home of the Moyer children, claimant's automobile skidded and struck a post, breaking a glass in the door of the car and causing the injury to the eye.

To support his claim, Wimmer alleged that he was at the time of the accident engaged in the course of his employment with defendant in that he was by direction of the defendant then securing data with relation to persons in the district who were unemployed, and that he was also at the time supervising pupils coming to and returning from school. To support the first claim, he offered evidence tending to prove that by virtue of a request of Governor Pinchot and by the affirmative authorization of the school district, he was at the time engaged in securing data as to those who were unemployed in the Moyer home. The board, which is the fact-finding body, found as facts that the duty of securing information with relation to the Moyer family was not delegated to claimant but to Mrs. Ruth Wertz, the teacher of the first and second grades in which the Moyer children were pupils; that the information as to unemployed persons was not to be secured by visiting the homes of the unemployed but by getting such information from the children at school; and that the visit to the home of the Moyers was a voluntary act of the claimant on his own initiative for the purpose of transporting these pupils to school. Not only are these findings supported by competent evidence, but the clear weight of such evidence leads to such a conclusion. We are not permitted to disturb such findings of fact.

In support of the second position, claimant directs our attention to §1410 of the Act of May 18, 1911, P. L. 309 (24 PS 1382), which provides as follows: "Every teacher in the public schools in this Commonwealth shall have the right to exercise the same authority as to conduct and behavior over the pupils attending his school, during the time they are in attendance, including the time required in going to and from their homes, as the parents, guardians, or persons in parental relation to such pupils may exercise over

them.'' The board found: ''It was the duty of the claimant to look after the discipline of the children going to and from the Center Valley Consolidated School, wherever he himself happened to be ...... but notwithstanding we do not find him actively or constructively engaged in furthering the business interests or affairs'' of the defendant school district at the time of the accident on the morning of January 9, 1933.

Our attention is also called to §404 of the same act (24 PS 338) which gives to the board of school directors authority to adopt and enforce rules and regulations regarding the conduct and deportment of pupils ''including the time necessarily spent in coming to and returning from school.'' While there was not any evidence that the board had prescribed any specific rules and regulations dealing with the duty of a teacher toward pupils coming to and going from school, under the School Code a school teacher has the right and duty to supervise the conduct of children at such time if the necessity for such supervision arises. It does not follow that the teacher, immediately upon leaving his home or coming into the area travelled by pupils of his, was required immediately to patrol or police the district in order to supervise his pupils. He was not actually engaged in the course of his employment until the occasion arose for such supervision and he undertook to so act. There was not any evidence that at the time of the accident the teacher had arrived at a point which was within the area travelled by his pupils. The claimant was not the teacher of the Moyer children, and there was nothing to show that the defendant had delegated or instructed claimant to supervise their conduct. On the contrary, it did appear that Wimmer was a friend of the Moyer family and that the purpose of his visit to their home was merely to transport their children to school, a gratuitous act

performed on his own initiative. When occasion arises for the exercise of such authority over pupils and the teacher then does actually undertake the performance of that duty, he may be said to be actually engaged in the master's business, but, as we have pointed out, there is not a scintilla of evidence to show any such service. The supervision which a school teacher owes to pupils on their way to school is a special service which is to be performed when the occasion arises for such work and the teacher is not engaged in the course of his employment unless he is "actually" so engaged, as opposed to "constructively engaged." The situation is not different from that which frequently arises in industrial enterprises where one has a regular course of employment on the master's premises but is called to perform service when an emergency occurs. He may be subject to such call at any time, but his employment does not begin until he embarks upon the performance of such service.

We are all of the opinion that the claimant in this case was not actually engaged in the course of his employment at the time of the accident.

Judgment affirmed.