STATE OF MISSOURI at the relation of MARY MOORE, Relator-Appellee, v. JOHN H. GLASSCO, EDWARD H. HANDLAN, LOUIS NOLTE, JAMES J. MORAN, HARRY POWELL, A. B. LAMBERT and JOHN NANGLE, Members of the Board of Trustees of the Police Retirement System of the City of St. Louis, Appellants.—149 S. W. (2d) 848.

Division One, April 18, 1941.

E. H. Wayman and Francis Finley for appellants.

*John C. Vogel* for appellee.

CLARK, J.—Appeal from the Circuit Court of the City of St. Louis. The amount in controversy gives us jurisdiction.

Carl Vernon Moore, a member of the St. Louis police force, died on February 27, 1933. His widow (appellee) filed an application with the Board of Trustees of the Police Retirement System (appellants) asking for the allowance of accidental death benefits under the provisions of Section 8911, Revised Statutes 1929 (Mo. Stat. Ann., sec. 8911, page 6264). The application was heard by the Board on an agreed statement of facts showing: that for some time prior to February 4, 1933, Officer Moore had been assigned to regular duty in a scout car; on that day he was detailed for extra duty from six P. M. to eight P. M. as a watchman in a store; at the expiration of that time he walked to the nearest street call box and reported off duty to his district station; he then walked across the street to board a street car to go to his home, slipped on the icy pavement and received injuries from which he died twenty-three days later; the Board denied the application for the reason "that Officer Moore was, under the agreed statement of facts, not in the actual performance of his duty at the time of the accident which caused his death."

The widow sued out a writ of certiorari in the circuit court where, after a trial, a decree was rendered quashing the record of the Board and remanding the cause with directions for the Board to allow the claim.

From this decree the Board has appealed and has made a number of assignments of error only one of which, as we view the case, need be discussed, to-wit: is the decree justified under a proper construction of the statute?

Paragraph (9) of Section 8911, supra, authorizes the award of accidental death benefits upon proof "that such death was the natural and proximate result of an accident occurring at some definite time and place while the member was in the actual performance of duty."

In the excellent briefs filed by counsel on both sides in this action, no case has been cited construing a statute with the same wording as that above quoted.

We will first discuss the cases cited by the appellee. In Howes v.

Stark Bros. Nurseries, 223 Mo. App. 793, 22 S. W. (2d) 839, the St. Louis Court of Appeals held that a teamster who was struck and injured by an automobile while on a public highway going from his employer's barn, after his day's work was done, to a bus furnished by the employer to transport the workmen to their homes, was entitled to recover under the Workmen's Compensation Act, which provided compensation for injuries "arising out of and in the course of his employment." The court reviewed a number of decisions, some of them holding that as a general rule employees will not be regarded as in the course of their employment while going to or returning from their place of work. In substance, the reasoning of that decision is: that the furnishing of transportation by the employer was an incident of the employment and, as plaintiff was injured at a place where he was expected to be, he had not removed himself from the course of his employment. Metting v. Lehr Construction Co., 225 Mo. App. 1152, 32 S. W. (2d) 121, was a Workmen's Compensation case. There the plaintiff was killed in sliding down a rope after completing his work on a storage tank. It was held that the injury was one "arising out of and in the course of his employment," but, in general language, the court distinguished the case from others where the employee was injured, away from his employer's premises, while going to or returning from the place of employment. In People ex rel. Donovan v. Retirement Board, 326 Ill. 579, 158 N. E. 220, it was held that a policeman, struck by an automobile and killed while walking across a street to mail a letter as directed by his superior officer, was injured "in the performance of an act of duty." In re Benson, 178 Okla. 299, 62 Pac. (2d) 962, was a case where a fireman became too warm while inspecting a building, then took off his coat and sat in an automobile discussing the inspection with his superior officer for some time after working hours; a few hours later a cold developed into pneumonia causing death. It was held that his widow was entitled to a pension under an Act providing benefits for death from injury "while in, and in consequence of the performance of his duty." The decision seems to be based on the ground that the cause of the illness was the fact that the fireman became too warm combined with the later removal of his coat; that he was in the actual performance of his duty when he became too warm. The case of Buckley v. Roche (Cal. App.), 290 Pac. 646, an application for a pension by a policeman's widow was tried on an agreed statement of facts showing that he died "in the performance of his duty." Glaeser v. City of Buffalo, 187 N. Y. Supp. 339, was a suit to enjoin payment of a pension to a policeman's widow. The policeman had been on duty in railroad yards for thirteen hours daily during a strike. With the consent of his superior officers, he ate at the railroad lunch room, which was practically the only place he could get food, was poisoned and died. It was held that the policeman was "injur(ed) while in the actual discharge' of his duties." Ap-

pellee cites other. cases construing statutes relating to pensions for soldiers, but, because of difference in the circumstances or in the wording of the statutes construed, we do not regard any of the cases cited by appellee as very helpful in solving the problem which now confronts us.

On this branch of the case, appellants cite the following: State ex rel. King v. Firemen's Pension Fund, 192 Mo. App. 583, 184 S, W. 929 (where a fireman was killed in a fight while off duty); McAuliffe v. Policemen's Pension Fund (Ky.), 115 S. W. 808 (where a policeman was killed by the accidental discharge of a revolver which he was cleaning in his home); Hornburg v. Morris, 163 Wis. 31, 157 N. W. 556 (where a fireman, while returning from his lunch to his station house, was struck and injured by an automobile on a public street); Wimmer v. School District, 176 Atl. 840, 116 Pa. Super. Ct. 553 (where a school teacher was injured by driving his automobile against a post while on his way to school). The first three cases were applications for pensions and the Wimmer case was a claim under a Workmen's Compensation Act.

Recovery was denied in each of those cases. Each of them differs from the instant case, both as to the facts and the statute considered, but the reasoning in all of them furnishes us some guidance here, and Hornburg v. Morris, supra, closely resembles this case.

The statute now under consideration (Sec. 8911, R. S. 1929) provides several different kinds of benefits. The appellee has already been paid the ordinary death benefits under subdivision (8) which is payable upon the "death of a member in service." That subdivision differs sharply from subdivision (9) which controls the instant case and provides accidental death benefits when "such death was the natural and proximate result of an accident occurring at some definite time and place while the member was in the actual performance of duty."

The last quoted provision does not provide *insurance* for a policeman merely because he is a policeman; it grants a *pension* only in the event his death is due to the performance of some duty as a policeman. After Officer Moore reported off. duty and walked across the street to board a street car, he did not use the street in the performance of his duty as a policeman, but in the same manner that any private person would use the street for similar purposes. In using the street he was subject to no greater hazard than was common to others. He was off duty and privileged to use the street to go to his home or elsewhere as he might choose. Of course, he was still a policeman and, in case of an emergency, such as a breach of the peace, he would be under the necessity of *resuming* his duty as a policeman and would then be under the protection of the statute. In patrolling a beat or performing an official errand, he would use the street in the performance of his duty as a policeman, but in going to or returning from his place of duty he is in the same situation as persons in private employment.

Many Workmen's Compensation Acts provide compensation to employees injured in going to or returning from their place of work "while on the premises of the employer." That requirement grows out of the duty of the employer to maintain a safe place to work. No such provision is contained in the statute now being considered and, besides, this is not a suit against the city.

Appellee says that this construction of the statute is too narrow; that it means that, if Officer Moore had been injured while in the act of telephoning, he would have been protected, but, if he had been injured one second after he hung up the receiver, and while still at the call box, he would not have been under the statute. Our ruling need not go that far. We do not hold that the policeman ceased to be in the performance of his official duty at the very second he completed his off duty call and while he was yet at the spot where that duty placed him. In this case the deceased had completed his duty and had moved an appreciable distance away. Each case must be governed by its own facts and we are often compelled to seek out a shadowy line between liability and non-liability.

Notwithstanding the desire we have to favor the widow of this faithful officer, the terms of the statute prevent us from granting her a pension under the facts of this case. We hold that the action of the Board in denying the claim was correct and that the circuit court erred in quashing the Board's record.

Accordingly, the judgment of the trial court is hereby reversed. All concur.