CHARNEY, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

OLSON, Appellant, vs. SAME, Respondents.

LANDRY, Appellant, vs. SAME, Respondents.

LINDENBORN, Appellant, vs. SAME, Respondents.

*May 24—June 22, 1946.*

For the appellants there was a brief by *Strehlow & Cranston* of Green Bay, and oral argument by *Lee H. Cranston*.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan*, assistant attorney general, and oral argument by *Mr. Levitan*.

For the respondents Burger Boat Company and Employers Mutual Liability Insurance Company there was a brief by *Bloomquist & Iding* of Milwaukee, and oral argument by *J. A. Bloomquist*.

ROSENBERRY, C. J. The plaintiff was a ship carpenter, living at Green Bay, Wisconsin, employed by the defendant Burger Boat Company in its plant at Manitowoc, Wisconsin. From his home in Green Bay to his employer's plant in Manitowoc was a distance of approximately forty-one miles. Because of war conditions, the plaintiff and his associates were unable to find housing quarters in Manitowoc and they traveled forth and back each day. The employer encouraged his workmen to comply with the gasoline-rationing rules which they did, which rules required the employer to approve socalled transportation pools. Each of the other occupants paid the car owner $4.50 per week for transportation. The employer paid no part of the transportation costs and was under no obligation to furnish transportation.

The plaintiff was injured on the highway about twenty miles from Manitowoc. It is the contention of the plaintiff that he was performing service for his employer at the time of his injury because he was traveling from his home to the place where his services were to be performed.

The statute involved is sec. 102.03 (1) :

"Liability under this chapter shall exist against an employer only where the following conditions concur : . . .

"(c) Where, at the time of the injury, the employee is performing service growing out of and incidental to his employment. Every employee going to and from his employment in the ordinary and usual way, while on the premises of his employer, shall be deemed to be performing service growing out of and incidental to his employment. . . .

"(e) Where the accident or disease causing injury arises out of his employment."

It is the contention of the claimant that because the emergency created by the war resulted in scarcity of housing facilities, a shortage of transportation facilities, and gasoline rationing by the federal authorities, and a large increase in travel, greatly increasing the hazard of highway travel, the court should now construe the clause "performing service growing out of and incidental to his employment," to include travel from the home of the employee to the premises of his employer. The plaintiff correctly says that the court early held that mere travel in going to and from work did not constitute performing service growing out of and incidental to his employment.

In the case of *Milwaukee v. Althoff* (1914), 156 Wis. 68, 72, 145 N. W. 238, the court held that when a claimant reported to his foreman and received his instructions for the day and proceeded to carry out these instructions by starting for the place where he was to work, the relation of master and servant commenced at that time, and that in walking to the place of work he was "performing a service growing out of and incidental to his employment."

In the case of *Hornburg v. Morris* (1916), 163 Wis. 31, 32, 157 N. W. 556, it was held that the amendment of 1913, which provided :

"Every employee going to and from his employment in the ordinary and usual way while on the premises of his employer,

shall be deemed to be performing service growing out of and incidental to his employment"—

was a limitation upon the rule announced in *Milwaukee v. Althoff, supra.* But it is also said in the opinion that the streets may in many cases constitute the premises of the city within the meaning of the act.

In the *Hornburg Case, supra,* claimant was returning to his work after his midday meal and had not yet reached the enginehouse where he would be subject to the order of his superior and be in the course of the performance of his duties. The court therefore held that the relation of master and servant had not yet begun and he was not under the act.

The case of *Milwaukee v. Althoff, supra,* did not involve the consideration of travel to and from the place of employment. That case turned upon the question whether the relation of employer-employee existed at the time the employee sustained the injuries complained of. Althoff was an employee of the city. He had reported to his foreman for work. His work had been assigned to him and in order to reach it he had to travel upon the street. From these facts it was clear that the relation of master and servant existed at the time when the accident occurred.

In the case of *Hornburg v. Morris, supra,* the servant had not yet reached the place of employment where he would become subject to the order of his superiors so that the relation of master and servant did not exist and for that reason he was denied compensation.

It is clear despite what was said in *Milwaukee v. Althoff, supra,* that the amendment of 1913 was not a limitation but something in the nature of an extension of the rule which theretofore had required that the employee must have reached the place of employment as well as the premises of the employer before the relation of master and servant existed.

The master has control of his premises but he has no control over the public highways. That is undoubtedly the reason

why the legislature did not extend the rule to include travel between the residence of the servant and the premises of his employer. The reasons argued in this case why the court should extend the rule may or may not be valid arguments why the legislature should extend it but this court certainly has no authority to do so.

*By the Court.*—The judgment in each case is affirmed.

RECTOR, J., took no part.