ST. LOUIS, ARKANSAS & TEXAS RAILWAY COMPANY v. L. WELCH.

No. 2602.

1. **Fellow Servant—Railway.**—One employed by a railway company though engaged in a different department of duty from another employe of the same company through whose negligence he received injury while on duty, is in contemplation of law a fellow servant, and this from considerations of public policy.

2. **Fact Case.**—The foreman of a bridge gang, whose duty it was to construct and repair bridges, while sleeping in the bunk of a sleeping car provided by the railway company that had employed him, and which was on a railway side track, was injured through the negligence of another employe of the same company who was operating a freight train which collided with the sleeping car. The agents were operating in different departments of work for the railway company. In an action against the company for damages, *held*, (1) that the injured party and the agent operating the freight train were fellow servants and the company was not liable; (2) the foreman who was injured being liable at any moment to go out on duty must be held to have been on duty, and the fact that he was injured while resting from his labor on the car provided for that purpose is immaterial.

3. **Cases Reviewed.**—Priestly v. Fowler, 3 Mees. & W., 1; Murray v. R. R. Co., 1 McMullan, 385; Farwell v. R. R. Corp., 4 Metc., 49; Chicago, etc., R. R. Co. v. Ross, 112 U. S., 377; Columbus, etc., R. R. Co. v. Arnold, 31 Ind., 174; G. C. & S. F. Ry. Co. v. Dallas, 61 Texas, 196.

APPEAL from Smith. Tried below before Hon. Felix J. McCord. The opinion states the case.

*N. Webb Finley*, for appellant.—The court erred in overruling defendant's general demurrer to plaintiff's petition and first supplemental petition for that said petition and supplemental petition failed to set out any cause of action against this defendant. Said petition shows upon its face that the plaintiff was a fellow servant with those through whose negligence he alleges his injuries resulted, and that he was at the time occupying as a sleeping department a car provided for him on the side track of the railroad by the railway company as an incident of his employment. Rules 1, 2, and 3 of District Court; Dallas v. G. C. & S. F. R. R. Co., 61 Texas, 196; 2 Thompson on Neg., p. 1037, sec. 38.

The court erred in refusing to give in charge to the jury special instruction No. 3 asked by defendant, to the effect that an employe of a railway company who receives injuries while engaged in the line of his employment resulting from the negligence of a fellow servant can not recover from the railway company. What is here meant by "while engaged in the line of his employment" is that he is in his place as such employe subject to and ready to respond to immediate orders of service from his superior in such employment. H. & T. C. R. R. Co. v. McNamara, 59 Texas, 255; H. & T. C. R. R. Co. v. Marcelles, 59 Texas, 334; Dallas v. G. C. & S. F. R. R. Co., 61 Texas, 196; 33 Md., 554–5; 36 Am. Dec., 283; 70 Pa. St., 483; 2 Thomp. on Neg., 1046, sec. 43; 17 N. Y., 138; 10 Cush., 231; E. L. & R. R. R. R. Co. v. Scott, 71 Texas, 193.

*John M. Duncan, J. J. Rice,* and *Robertson & Robertson,* for appellee. Appellee Welch, though engaged in the line of his employment, was in a department or line of the railroad service wholly unconnected with the department in which the fireman, conductor, and engineer who hurt him were at the time engaged, therefore he assumed no risk of their negligence, and correctly recovered for the injury caused by the negligence of the latter. H. & T. C. R. R. Co. v. Marcelles, 59 Texas, 334; C & M. and St. P. R. R. Co. v. Ross, 112 U. S. Sup. Ct. Rep., 377; Thompson on Negligence, vol. II, p. 1037–8, sec. 38; R. R. Co. v. Moranda, 93 Ill., 303; Redfield on Railways, vol. I, 6 ed., p. 568, and authorities cited in note 17, also Id., 570, note 20; Ryan v. C. & M. W. R. R. Co., 60 Ill., 171; Fitzpatrick v. N. A. & S. R. R. Co., 7 Ind., 436; Gillenwater v. M. &. I. C. R. R. Co., 5 Ind., 339; E. T. V. & G. R. R. Co. v. D'Armond, 5 S. W. Rep., 600 (Tenn.); C. B. & Q. R. R. Co. v. Gregory, 58 Ill., 272–84–5; Meloy v. C. & N. W. R. R. Co., 33 Am. and Eng. R. R. Cases, 358; Hobson v. N. M. & A. R. R. Co., 28 Am. and Eng. R. R. Cases, 355 *et seq.;* St. L. & S. F. R. R. Co., v. Weaver, 28 Am. and Eng. R. R. Cases, pp. 353–4.

Welch, though he may have been a fellow servant of the engineer and conductor who negligently caused his injuries when on duty in the line of his employment, was not such fellow servant at time he was hurt, and so properly recovered. Thompson on Negligence, vol. II, p. 1046, sec. 43; B. & O. R. R. Co. v. State, use of Trainor et al., 33 Md., 442–54–55; Washburn v. N. & C. R. R. Co., 3 Head, 638.

GAINES, ASSOCIATE JUSTICE. — This was an action for personal injuries brought by appellee against appellant. The case made by the plaintiff showed the following facts: The plaintiff was the foreman of a bridge gang in the employment of the defendant company engaged in putting in and repairing bridges along the line of its road. About 3 o'clock in the morning on the day of the accident he was asleep in the bunk of a sleeping car provided by the company for the purpose, which was lying on a side track of the railway in the town of Gilmer. At the time mentioned the employes of the defendant operating a freight train on its road negligently ran the train rapidly upon the side track and struck the car upon which he was sleeping with such violence that he was thrown from his bunk and seriously injured. He and the employes who caused the injury were engaged in different departments of the company. His employment was in the bridge department and he received his instructions from the superintendent or management of that department, while the employes on the train were working in the transportation department and were under the orders of its superintendent. It appears from the testimony that the plaintiff was subject to the orders of the company to go out on duty at any time.

Without referring to the assignments of error it is sufficient to say here that the two questions presented by the record are whether the plaintiff and the employes of the train are to be deemed fellow servants in the sense that precludes him from a recovery of the company for injuries inflicted by reason of their negligence, and if so whether he is to be considered as on duty at the time of the accident?

Upon the question who are to be held fellow servants in the legal sense of that term there is great contrariety of judicial opinion. The doctrine that one fellow servant can not recover of the master for injuries inflicted through the negligence of his fellow servant is of comparatively recent origin. It was first announced in 1837 in the English Court of Exchequer in the case of Priestly v. Fowler, 3 Mees. & W., 1.

The Supreme Court of South Carolina laid down the same rule in the case of Murray v. R. R. Co., 1 McMullan, 385. This case was decided in 1841, and is the first case in which the rule was applied in this country. The opinion shows that the court were unaware of the decision in Priestly v. Fowler, *supra*. In 1842 the subject was very carefully considered by the Supreme Court of Massachusetts in the case of Farwell v. R. R. Corp., 4 Metc., 49, and the same doctrine was announced. This has since become the leading case, and has been rigidly followed by the courts of England and by a majority of the courts in this country. The question whether persons employed in different departments of the same general business of the common master was considered in that case, and in discussing it Chief Justice Shaw, who delivered the opinion, uses this language: "It was strongly pressed in argument that although this might be so, when two or more servants are employed in the same department of duty, where each can exert some influence over the conduct of the other, and thus to some extent provide for his own security, yet that it could not apply where two or more are employed in different departments of duty, at a distance from each other, and where one can in no degree influence or control the conduct of another. But we think this is founded upon a supposed distinction, on which it would be extremely difficult to establish a practical rule. When the object to be accomplished is one and the same, where the employes are the same, and where the several persons employed derive their authority and compensation from the same source, it would be extremely difficult to distinguish what constitutes one department and what a distinct department of duty."

The language employed in the last sentence quoted has been generally used by courts and text writers as the basis of the definition of the term "fellow servants." Substantially the same language has been frequently employed by our own courts in defining the term. H. & T. C. Ry. Co. v. Rider, 62 Texas, 267; T. & P. Ry. Co. v. Harrington, Id., 597; M. P. Ry. Co. v. Watts, 63 Texas, 549.

The rule so announced in Farwell's case has, as previously intimated,

been followed closely in the courts of England and generally in the American courts in its broadest application. Latterly there has been shown some disposition to modify the doctrine, but it has mainly been in the direction of making a distinction between servants of a different grade.

The case of the Chicago, etc., R. R. Co. v. Ross, 112 U. S., 377, is a case of this latter character. As to service in different departments of the same common employment there is less conflict of authority. In the courts of a few of the States it has been held that the employes in different branches of the same general employment are not fellow servants. This is the rule in Illinois (Chicago, etc., Ry. Co. v. Moranda, *supra*), in Tennessee (Nashville, etc., R. R. Co. v. Jones, 9 Hersk., 27), in Kentucky (Louisville, etc., R. R. Co. v. Cavens, 9 Bush, 559), in Georgia (Cooper v. Mullins, 30 Ga., 150), and perhaps in Virginia (Moon v. R. R. Co., 78 Va., 745). This was the ruling in Indiana in the earlier decisions (Gillenwater v. R. R. Co., 5 Ind., 339; Fitzpatrick v. R. R. Co., 7 Ind., 436); but these cases have since been overruled (Columbus, etc., Ry. Co. v. Arnold, 31 Ind., 174). Judge Thompson in his work on Negligence lays this down as the "exceptional" doctrine. 2 Thompson on Negligence, 1026. Our researches have satisfied us that this is correct, and that the great weight of authority is the other way. The cases are too numerous for citation, but see Thompson on Negligence, *supra;* Shearman & Redfield on Negligence, secs. 108 and 109; Wharton on Negligence, sec. 230; Wood on Master and Servant, sec. 425. See also Patterson's Railway Accident Law, secs. 324 and 325, where the cases are grouped. In reference to these citations the caution is to be observed that in many of the cases in which certain employes were not held fellow servants it was upon the ground that the one was subject to the control of the other.

In considering this question there is danger of a mistake growing out of that class of cases which hold a railroad company liable to its servants operating its trains for injuries resulting from negligence in keeping up the track. In deciding these cases the courts sometimes say that the trainmen and the track repairers are not fellow servants, and it is pretty generally held that in these cases the person charged with the duty of keeping up the track is the representative of the company and not a servant only. But the true rule, as we take it, is that it is the implied obligation and duty of the company to its employes to furnish a safe track. But in the present case, if we should hold that the plaintiff, as to repairing bridges, etc., was the representative of the company, and that the servants in the transportation department could recover for injuries resulting from his neglect, it would not follow that he could recover for their negligence. A servant may be the representative of the company in one relation, a fellow servant with coemployes in another. Crispin v. Babbitt, 81 N. Y., 516.

Recurring to our own decisions we think it has been decided in the case of the Dallas v. G. C. & S. F. Ry. Co., 61 Texas, 196, that service in different departments of duty does not exempt an employe of a railroad company from the operation of the general rule. There the railroad company was engaged in constructing an extension of its line. The plaintiff had been employed in watching the ties along the line, but had undertaken for the company to procure and record a deed, and in the discharge of this duty took passage upon the construction train, when he was injured by the negligence of the employes who were operating the train. He was held not entitled to recover. We understand the decision to be placed upon the broad ground that the fact that plaintiff though engaged in a different line of duty from the employes who were running the train was their fellow servant.

We confess that the reasoning upon which the rule has been adopted is not very satisfactory. It is said that when the servant accepts the employment of the master he impliedly assumes the risk of the negligence of his fellow servants. The argument seems illogical. It amounts to saying that the law is that he can not recover because he takes the risk and that he takes the risk because the law is so. By a parity of reasoning we might assume that he takes the risk of his master's own personal negligence, and that therefore the master would not be liable to a servant for such negligence.

A more reasonable ground is that of public policy. It is frequently asserted as the true basis of the doctrine, and is founded upon the theory that it is calculated to make servants in a common employment watchful of each other and thereby to promote carefulness in the performance of their duties.

If this is to be taken as the true ground the rule should be confined to those servants whose duties bring them into such juxtaposition that one would be enabled to observe the negligence of his fellows. But however unsatisfactory may be the reasons assigned for the doctrine, it is too well established and its limits in so far as the question before us is concerned too well defined to permit us to entrench upon it. We feel constrained both by the former opinions of this court and by the great weight of authority elsewhere to hold that the employes who were operating the train which caused the injury in this case were the fellow servants of the plaintiff. If we could hold it an open question our ruling might be otherwise, but we consider the doctrine too firmly established to be changed except by the action of the Legislature.

The other proposition involved in this case requires no extended discussion. The plaintiff at the time of the accident was asleep on a car belonging to the company, provided by it for that purpose, which was placed upon its side track. He was liable to be called upon at any moment to go out with his gang upon duty upon the road. We think

he must be held to have been upon duty at the time he received the injury. That the accident occurred when he was resting from his labors, we think makes no difference. He was subject to the call of the company at the time, and his case differs from that of other servants who engage for certain hours of employment and who are injured during the intervals in which the master has no claim upon their services.

We think the court should have instructed the jury that if plaintiff was foreman of the bridge gang and was injured by the negligence of the employes operating a train on the road, he was the fellow servant of such employes; and also that if at the time of the accident he was asleep upon a car provided for the purpose by the company, and under his contract was subject to be called out for duty at any moment, he was on duty.

The assignment that the court erred in overruling the motion for a new trial on the ground that the verdict is not supported by the evidence sets out very fully the particulars in which the evidence fails to support the verdict, and is well taken.

The judgment will accordingly be reversed and the cause remanded.

*Reversed and remanded.*

Opinion December 14, 1888.