**FOSTER v. CARLE et al.**

**No. 11115.**

Court of Civil Appeals of Texas.
San Antonio.

March 18, 1942.

Rehearing Denied April 15, 1942.

Harry B. Berry, of San Antonio, for appellant.

Conger & Baskin, of San Antonio, for appellees.

NORVELL, Justice.

This is an appeal from a judgment based upon a peremptory instruction.

Appellee Ollie Mae Carle operated a number of gasoline filling stations under the name of Carle Petroleum Company. She had more than three persons in her employ at the time of the occurrence giving rise to this action, but did not carry workmen's compensation insurance.

It appears that the Carle service station located at the intersection of South Flores and Nueva Streets, San Antonio, Texas, and here involved, was equipped with a pit constructed beneath racks used in connection with the lubrication and greasing of automobiles. This pit was five feet deep, twenty-five feet wide and twenty-six feet long. It had two openings about five feet apart which were equipped with steps. The pit was of concrete construction except for the stairs, which were of wood.

According to the testimony of the appellant, a colored employee of the Carle Petroleum Company, he went down into this pit about 8 p. m. on October 18, 1940, for the purpose of changing his clothes which he kept on a cabinet lying in the east end of the pit. Johnson, a fellow-employee, had been or was in the act of cleaning the pit with gasoline.

Foster struck a match for the purpose of lighting a cigarette. An explosion and fire occurred which resulted in Johnson's death and Foster's being severely injured.

We have concluded that the trial court erred in peremptorily instructing the jury to find against Foster. While there is evidence in the record which, if believed, tends to show that Foster was in fact loitering about the premises long after he had completed work for the day and was engaged in a dice game in the pit with Johnson at the time of the explosion, we are required to view the evidence in the most favorable light to Foster. Viewed

from this standpoint, a jury may have concluded that Foster, within a reasonable time after completing services performed for his employer went to the place where he customarily left his street clothes for the purpose of changing from his uniform, or clothes generally worn by him while washing and greasing automobiles. If this be true then the employer was under a duty to maintain a reasonably safe place for such a purpose, and was further under the duty not to employ dangerous agencies in connection with the cleaning of the pit which would render it unsafe or dangerous when put to a customary or prevalent use by employees.

■ In our opinion, Foster's acts and movements immediately prior to the explosion are highly pertinent and material in determining the extent of the duty owed by the employer to him at the time. Appellee suggests that a so-called "common law" concept of "course of employment" has application here and cites authorities relating to an employer's liability to third persons based upon an act or omission of the servant. In such cases it is generally held that in order to render the employer liable, the act or omission complained of must be one performed or "done within the scope of the general authority of the servant, in furtherance of the master's business and for the accomplishment of the object for which the servant is employed." Texas Power & Light Company v. Denson, 125 Tex. 383, 81 S.W.2d 36, 38. The above definition of "scope of employment" is applicable in this case if the liability of the Carle Petroleum Company be predicated upon the action of the employee Johnson in using gasoline for the purpose of cleaning the pit. It is not, however, applicable in determining the nature of the duty owed by the Carle Petroleum Company to Foster, the breach of which gives rise to a cause of action.

■ One party may be liable to another because of an unsafe condition of the premises or a defective appliance thereon although no relationship of master and servant exists between them. National Biscuit Company v. Litzky, 6 Cir., 22 F. 939, 56 A.L.R. 853. The existence of such relationship and the corresponding duties incident thereto are in numerous cases pertinent and controlling. We are, however, unwilling to hold that the duty of an employer to provide a safe place for his workmen terminates immediately up-

on the workman's ceasing to do the particular thing he was employed to do. Foster was employed to wash and grease automobiles. At the time of his injury, he was not actually washing or greasing an automobile, but, because of that fact alone, he can not be considered as a trespasser, nor can it be said that the employer's duty toward him no longer existed. If Foster, at the time of his injury was upon the employer's premises engaged in the performance of some act having to do with, or incident to his employment, then the employer was under a duty to Foster to protect him from injury. St. Louis, A & T. R. Co. v. Welch, 72 Tex. 298, 10 S.W. 529, 2 L.R.A. 839; St. Louis, B. & M. R. Co. v. Davis, Tex.Civ.App., 262 S.W. 923; 35 Am.Jur. 598, § 169.

If Foster's version of his movements prior to the explosion be accepted, then it would seem that he was engaged in performing an act having to do with or incident to his employment when he went into the pit for the purpose of changing his clothes. And, as it can not be said that there was insufficient evidence of negligence attributable to the Carle Petroleum Company to take the case to the jury, the peremptory instruction was unwarranted, unless it appears, as a matter of law, that Foster's act of lighting a match was the sole proximate cause of his injuries.

■ It is well settled that even in cases "where contributory negligence is out of the case by reason of the statutory provision (Art. 8306, Vernon's Ann.Civ.Stats.) pleading and proof that the servant's own act was the sole proximate cause of the injury constitutes a good defense, since the allegation that the injury was caused by the master's negligence is thereby negatived." 29 Tex.Jur. 103.

■ However, we are of the opinion that the issue of "sole proximate cause" was one for the jury, and can not be decided by us as a matter of law. The recent case of McAfee v. Travis Gas Corporation, Tex.Sup., 153 S.W.2d 442, loc. cit. 448, seems controlling upon this point.

■ In view of another trial we might say that the question of whether or not Foster sustained injuries in "the course of his employment" as that term is used in the Workmen's Compensation Act, Article 8306 et seq., Vernon's Ann.Civ.Stats., is material in determining whether or not the defenses mentioned in Art. 8306, Section 1,

Subsections 1, 2 and 3, are available to the Carle Petroleum Company.

The term "course of his employment" as used in the forepart of Section 1, refers to the statutory definition given in Article 8309, Section 1, particularly subdivision 4, thereof.

 Under the Workmen's Compensation Act, if the employer be subject to the Act, but does not carry compensation insurance he is deprived of the defenses mentioned in Art. 8306, in a common law negligence action, upon a showing by the employee that he was injured in the course of his employment as defined by the Statute.

 There appears to be no evidence that the appellee Lewis M. Carle had any interest in the Carle Petroleum Company and the judgment of the trial court as to him will be affirmed. The judgment as to Ollie Mae Carle will be reversed and the cause remanded for new trial.

Affirmed in part. Reversed and remanded in part.