## EL PASO ELECTRIC CO. v. GREGSTON.

### No. 4246.

Court of Civil Appeals of Texas. El Paso.

Nov. 12, 1942.

Rehearing Denied Dec. 3, 1942.

Brown & Brooke, of El Paso, for appellant.

Cunningham, Ward & Cunningham and Lea & Edwards, all of El Paso, for appellee.

SUTTON, Justice.

This is an appeal from the 65th District Court of El Paso County.

The suit is a common law action for personal injuries. The trial was to the court and jury. Judgment was for the plaintiff on the verdict for $37,000 from which this appeal is prosecuted.

Appellee. was plaintiff below and the parties will be described here as there.

The defendant is a public utility concern and employs a large number of employees, but does not undertake to comply with the Workmen's Compensation Law.

The defendant has a number of assignments which it has briefed under five points, the substance of which is, as we understand them, that it has not been shown to have been negligent; that plaintiff's injuries are solely the result of his own negligence; that counsel engaged in improper argument, which is reversible, and the verdict is excessive.

Plaintiff was a lineman. He received his injuries while engaged in making a right angle change over of hot wires on a line pole. The guy wire on the pole had no circuit breaker in it, and was not protected with insulating rubber. The hot wires were covered with six feet of insulating hose. Plaintiff, while working on the pole, bumped his knee against the guy wire and his face against an uncovered portion of a wire carrying a four thousand volt current. His injuries are too severe and were too excruciating for description. His left ear was burned off; his left eyeball burned out; the skin and flesh from the left side of the face and left leg and other portions of the body seriously burned. He spent a long period of time in the hospital and bed. Photographs are in the record, and disclose in a measure the serious physical injuries and disfigurations.

Plaintiff was thirty-four years of age, and earned $150 per month.

The parties pleaded and the jury found, as follows: That the defendant was negligent in failing to place a circuit breaker in the guy wire; in ordering plaintiff on the pole with only 6-foot insulating hose on the wires; and in not requiring insulation on the guy wire prior to plaintiff's injuries; and all of which acts of negligence were proximate causes of plaintiff's injuries.

The jury found the defendant had sufficient appliances for the protection of plaintiff, had they been used, and that plaintiff knew the dangers attendant on his duties and failed to take proper precautions for his safety, but that same were not the sole cause of his injuries.

The first contention of the defendant is, the construction of the pole without a circuit breaker on the guy wire is shown by the evidence to be a modern, up-to-date, approved and customary method of construction, and in the absence of evidence to the

contrary and a showing of negligence, it was entitled to judgment in all events.

The other claimed acts of negligence and findings of the jury are ignored.

The record discloses that between the pole where plaintiff was working and a point opposite the Smelter, which we understand to be east of the pole in question, there are in the same line sixty-seven other guy wires, all of which have circuit breakers in them, and this pole has the only two without them.

Mr. E. J. Dermid, construction foreman on the job here involved, on direct examination testified it was the customary practice of the Company not to use the circuit breakers in rural and out of town construction except joint construction with the Telephone Company. On cross-examination he testified the Company has thousands of guy wires in El Paso and vicinity as far out as the pole here involved and in ninety-nine out of a hundred there are circuit breakers.

The testimony from all concerned is, had there been a circuit breaker eight feet from the top, the place for it, there would have been no ground in the guy wire.

The pole involved was set in wet ground and water. There is conflict in the testimony concerning the creosote saturation of the pole, and likewise as to whether or not it constituted a ground.

The purpose of the circuit breaker is, of course, to break the circuit and protect any who might come in contact with the guy against injury. There is unequivocal testimony in the record, though challenged, that the injury would not have occurred had the circuit breaker been in.

In support of the contention here made, defendant cites four cases: Trinity & B. V. R. Co. v. McDonald, Tex.Com.App., 208 S.W. 912; Houston & T. C. R. Co. v. Werline, Tex.Civ.App., 84 S.W.2d 288; Taylor v. White, Tex.Civ.App., 156 S.W. 349, affirmed Tex.Com.App., 212 S.W. 656; and Osborne v. Loew's Houston Co., Tex.Civ. App., 120 S.W.2d 947.

The first two, as we understand them, rest flatly on the ground the injury could not be anticipated and foreseen. Such is not the case here, nor is such contention suggested. In Taylor v. White, all the evidence was that all exciters throughout the country were operated without guard rails and unprotected, which was the claimed ground of negligence. Neither is that the situation in the instant case. In that case (212 S.W. at page 657 (4), it is said: " * * * The custom of others engaged in like business is not the absolute test of negligence, but where the undisputed evidence shows affirmatively, as it does in this case, that the defendant was conducting his business in accordance with the uniform custom of persons engaged in like business, it devolves upon the plaintiff, before he can recover, to produce evidence showing that such custom is negligent."

██ The evidence in the instant case is not all one way. Neither do we regard the Osborne case in point, which a reading will readily disclose. Defendant does not discuss it nor attempt to apply it. ·

The position taken here by the defendant was taken in French v. Southwestern Tel. & Tel. Co., Tex.Civ.App., 162 S.W. 406. The opinion there was expressly approved and adopted by the Supreme Court, 110 Tex. 505, 221 S.W. 570. What is said there, and the cases there cited, and Cameron Compress Co. v. Whitington, Tex. Com.App., 280 S.W. 527, and cases cited, to which might be added many more, dispose of this point. The standard of conduct is prescribed by law and not custom or practice. The standard is ordinary care. Even the habitual and customary use of a particular device will not of itself establish the exercise of ordinary care. Such is evidence, but it does not alter the standard— the standard remains the same.

There were, as indicated heretofore, other claimed and found grounds of negligence, that the Company foreman, Dermid, negligently ordered plaintiff to work on the pole when the lines were not properly covered with line hose, and that it was negligence not to cover the guy wire prior to the time plaintiff went on the pole.

█ The line hose used on the wires were six feet long. The cross arms on the pole were eight. The line hose on the wire from which plaintiff was shocked did not reach the end of the cross arm. It had been shifted or moved, or else placed a little off-center of the pole and not in line with the other two. It is admitted and undisputed and known to all that if a connection were made between either of the hot wires and the guy wire the current would instantly and directly pass to the ground and serious injury result, as did to the plaintiff. The foreman, Dermid, was on the job directing the work. The Company had a rule as follows:

**518**

"(5) Foremen shall be responsible for the condition and proper use of protective devices. It shall be their duty to use every precaution against accidents. This does not relieve any other employe from such responsibility. Impatience often causes life cripples."

The foreman was of the opinion the pole was a ground, because of the setting in wet earth and water and the saturation with creosote. The evidence indicates a situation calling for precaution and care, especially in the matter of covering wires to guard and protect against shorting and consequent injury. We think the evidence sufficient to support the contention and finding of negligence in the matters just noticed, and defendant's first point is overruled.

■ Points two and three are, that plaintiff's injuries are the result of his own negligence without any fault of defendant, and a verdict should have been instructed for it, judgment entered notwithstanding the verdict or a new trial granted. The defendant's negligence has heretofore been disposed of. The jury found the negligence of plaintiff was not the sole proximate cause of the injury. That was its province and renders that final, there being evidence in the record to support same. Foster v. Carle, Tex.Civ.App., 160 S.W.2d 999; McAfee v. Travis Gas Corp., 137 Tex. 314, 153 S.W.2d 442.

■ The fourth complaint is that plaintiff's counsel indulged in improper argument which is reversible. The argument complained of occurred in the opening arguments and is as follows: "If they had brought Stone here, he would have told how this thing happened." At another point, "I don't know whether they had the hose there then. The only man who could answer that question was Stone, who was on the truck (wagon) there." And again, "They didn't bring Stone in here. There is a reason for everything."

Stone was the driver of the truck for defendant on which supplies were carried to the job under way at the time of the accident. He did not testify. The foregoing remarks were made in the opening argument, and to which defendant's counsel replied as follows (as disclosed by Court's qualification): "We didn't bring in Stone because we knew that what he would have to say would not help us, and it wouldn't help them either." Another of defendant's

attorneys replied: "You had as much right to bring him in as we did. Let me ask you why didn't you bring him in?"

The record does not disclose where Stone was when the work was in progress nor where he was at the time of the trial. The reply of defendant's counsel would indicate Stone was available as a witness.

There is nothing inflammatory about these remarks of counsel. Testimony had come from defendant that it had an abundant supply of hose and rubber blankets for use and that would have protected plaintiff had they been called for or used. The jury found that, because there was no dispute about it. Neither is there any dispute about how the accident happened. There could be no doubt about how this thing happened. There seems to be none about the presence of additional hose. To assume a jury, who are usually as intelligent as anybody else about a trial, are misled by such comments is to discount the intelligence of juries. They discern the real purpose behind most conduct indulged in. Argument very similar to this, and made under similar conditions, has been held not reversible, Montgomery Ward & Co. v. Levy, Tex.Civ.App., 136 S.W.2d 663, at page 670, correct judgment, and finds support in the case there cited, Marek v. Southern Enterprises, 128 Tex. 377, 99 S.W.2d 594, 597. The point is not sustained.

The fifth and last point made by the defendant is, "The verdict of the jury was excessive and the result of prejudice."

■ Defendant in its brief states the measure of damage correctly to be such a sum if paid in cash at the time of the verdict as will reasonably compensate the plaintiff for his diminished capacity to labor and earn money in the future, as well as such a sum as will compensate him for mental and physical pain suffered by him as a proximate result of his injuries. No authorities are cited, but the proposition is submitted on the assertion the sum of $37,000 is excessive and indicated passion and prejudice.

■ The writer will not undertake the impossible—a description of those injuries, heretofore indicated, the resulting pain and suffering, physical and mental; the physical handicaps, injuries and transformations. Only the man himself and the Deity can know the pain and suffering endured. Only those who witnessed the wounds from the time of their infliction until they had been

healed, through plastic surgery at the end of weeks and months, can in any degree appreciate their nature and extent. The photographs convey some idea of the physical condition. No part of the resulting conditions can be measured in dollars. No reasonable individual, we think, would assume or endure any part of it for pecuniary reward. To those, compensation in money is impossible. It may not be said with any degree of certainty the jury overestimated the degree of diminished earning capacity. It would serve no purpose to compare the recovery here with others that have been held not excessive and permitted to stand. Many in larger sums could be cited. Greater pain and suffering than this man had could hardly be imagined. Generosity on the part of his employer, and not too often available and indulged and highly commendable, and great skill only saved him for it and from it. We are unable to reach the conclusion the verdict is excessive.

We find no reversible error and the judgment of the trial court is affirmed.

WALTHALL, J., not participating.