In the Matter of the Application of ALEXANDER C. ZABRISKIE and GEORGE G. ZABRISKIE for a Peremptory Mandamus Order against WALTER W. LAW, JR., JOHN J. MERRILL and WALTER H. KNAPP, Constituting the STATE TAX COMMISSION, Defendants.

Supreme Court, Suffolk County, April, 1922.

Automobile — registration fee of car adapted for transportation of goods — mandamus — Highway Law, § 282(6).

A peremptory order of mandamus will be granted to the owners of a Ford car usually known as a " Suburban " or " Station Wagon " to compel the state tax commission to accept and file said owners' application for the registration of their said motor vehicle and to accept payment of the fee of seven dollars and sixty-three cents, provided for by section 282(6) of the Highway Law, assign to such motor vehicle a distinctive number and issue and deliver to the petitioners a certificate of registration for the year 1922.

MOTION for peremptory order of mandamus for registration of automobile.

*Zabriskie, Sage, Gray & Todd* (*George Gray Zabriskie* and *John H. Iselin*, of counsel), for petitioners.

*Charles D. Newton*, attorney-general (*Robert P. Bayer*, deputy attorney-general, of counsel), for defendants.

DIKE, J. This is a " Ford " case. The petitioners, owners of a Ford car known usually as a " Suburban " or " Station Wagon," are seeking a peremptory mandamus order compelling the state tax commission to accept and file the petitioners' application in the form annexed to the petition for the registration of their motor vehicle described therein and to accept payment of fee provided by subdivision 6 of section 282 of the Highway Law assigning to

Supreme Court, April, 1922. [Vol. 118

such motor vehicle a distinctive number and also issuing and delivering to the petitioners a certificate of registration of said car for the year 1922, and in the event of refusal of a peremptory mandamus order that an alternative order should be made.

The car in question is a well-known type and, as stated in the brief of the petitioners, " it is in fact, known by its acquaintances simply as the ' Ford,' and has not even been endowed with any pet name or nick-name such as facetious owners frequently bestow on their flivvers, except when it refused to function, when it is sometimes called by other names appropriate to the occasion." The question presented is whether the petitioners are to pay the fee appropriate to a private car, which amounts to seven dollars and sixty-three cents, or that for an auto truck or light delivery car, which is ten dollars. The question is of importance to the many owners of these cars in the state as well as a serious question to the tax commission. This is a test case.

The defendants claim that inasmuch as the car in question is so constructed as to be adaptable, by the removal of the rear of its two seats, for general transportation of goods, it, therefore, falls within the classification of paragraph 6-a of section 282 of " motor vehicles constructed or specifically equipped for the transportation of goods, wares and merchandise, commonly known as auto trucks or light delivery cars," etc. Petitioners urge that the use, as before described, of their car is not that of an auto truck or light delivery wagon, and that a car so used is not " commonly known " as such. The attorney-general in 1919 rendered an opinion upon the section then in force, in which he held that in order to require commercial registration: (1) A car must be one constructed especially or equipped for the transportation of goods, wares and merchandise; (2) or be used for such purposes; and (3) commonly known as an auto truck. The opinion proceeded to illustrate the difference recognized in other parts of the statute between owner's personal use and a generally commercial use, saying that " the householder who takes home a ham and a box of soap in his automobile, for consumption in his house, is not ' transporting goods, wares and merchandise ' * * * any more than a street car becomes a freight car by reason of the fact that it carries a school-girl with a box of candy." But evidently the tax commissioners desired to seek a further clarification to cover this criticism of the section in question, and in the next legislative session the act was amended in its present form by the omission of the phrase referring to the use (Laws of 1920, chap. 687), and it is argued that this was a direct expression of legislative intent that the construction was to be the controlling factor, so that if a car was so constructed that it might be adapted to the transporta-

tion of goods, etc., it must pay the truck license. It is, of course, the rule that an amendment " at the heels " of a judicial or administrative construction, evincing an intent to correct or override that construction, is entitled to great weight. If so, it seems to me the amendment fell short of carrying out the purpose.

It is a familiar sight in the summer time to observe in every town the matinal visits of the painstaking housekeeper to the provision shops and to the railroad depots, being conveyed to and fro by automobiles or motor trucks of various kinds. The vehicles are frequently filled to overflowing with packages, bundles, bags and occasionally trunks or handbags in transit to their residences. This use does not make these vehicles " *commercial*." They are still being used as a convenience for their owners, not for hire. The objects have not the character of freight for which a tariff is presumed. It is a personal use, and the element of gain to the owner by reason of his service to, and the use of his motor vehicle by, others, is eliminated. The test is the character of the use of the vehicle taken into consideration with the form of the car. A car such as is here discussed in the instant case and which was registered under the provisions of the Highway Law, section 282, subdivision 6, if purchased from the owner by a tradesman and put to commercial uses would then be required to be registered under subdivision 6-a, and for failure to secure that new registration upon its change from a private to a commercial use, the new owner would be liable to the penalty provided in the article, namely, for the commission of a misdemeanor. The question is an important one both to owners and to the state authorities and should be most carefully considered from every angle. I, therefore, grant the application for the peremptory mandamus order.

Ordered accordingly.