JOHN JENNINGS, an Infant, under the Age of Fourteen Years, by MICHAEL JENNINGS, His Guardian ad Litem, Respondent, v. ALBERT DELANEY, Appellant.

First Department, May 29, 1930.

*Louis E. Schwartz* of counsel [*James J. Dooling*, attorney], for the appellant.

*Harry Zeitlan* of counsel [*Samuel Hart* with him on the brief; *Harry Zeitlan*, attorney], for the respondent.

MERRELL, J. The action was brought by the infant plaintiff, by his guardian *ad litem*, to recover of defendant, as the owner of a taxicab which struck and injured the infant plaintiff, damages for personal injuries sustained. By stipulation entered into at the

commencement of the trial the action was tried before the justice presiding without a jury, the parties stipulating that at the conclusion of the evidence the court might direct that a verdict be entered in the minutes, and that each party be deemed to have made a motion for direction of a verdict, such verdict when directed to have the same force and effect as though a jury were present.

The infant plaintiff, a boy then of the age of twelve years, on March 12, 1927, caught a ride on the rear of a Buick touring car driven in a southerly direction on Third avenue in the city of New York. The accident occurred about five o'clock in the afternoon between Forty-sixth and Forty-fifth streets. The Buick automobile in question was driven by a man by the name of Palma, and in the car, besides the driver, were four of his friends. Palma testified that between Forty-sixth and Forty-fifth streets and as he approached the latter street driving in a southerly direction on the westerly roadway of Third avenue he was stopped by crosstown traffic; that ahead of him were three or four other cars; that he had stopped his car awaiting the crosstown traffic for about a minute and a half when he felt a sudden impact upon the rear of his car, which drove the same forward a few inches. He testified that he immediately left his car and went around to the rear and there found a taxicab, concededly that of the defendant, standing about a foot and a half away from the rear of his car; that he saw lying on the pavement two boys, one of whom was the infant plaintiff herein.

Plaintiff testified that in company with another boy, a friend of his, he caught on behind the Buick touring car at about Forty-ninth street with a view of riding to his home on Third avenue at Twenty-eighth street; that on the rear of the Buick touring car there were two short bumpers, one on either side, and that he sat on the bumper nearest the elevated railroad pillars, and his companion sat on the other bumper; that he held onto the spare tire on the back of the car; that the car was not traveling rapidly when he caught on, and that it came to a stop between Forty-sixth and Forty-fifth streets; that as it came to a stop he looked up and saw approaching at about a block away, or at about Forty-seventh street, a taxicab; that he merely glanced at it and gave it no further thought or attention, and that during the minute and a half before he was struck he was engaged in talking with his companion; that he suddenly glanced up and saw the taxicab approaching him at a distance of about two feet away; that he tried to throw up his legs so as to escape being struck, but was only able to get one leg out of the way, and that the other was struck and he was thrown upon the pavement. Plaintiff received

a compound fracture of the leg and was taken to a hospital, where he testified he remained for three months.

A nearby police officer heard the crash and went to the scene of the accident and there took the number of the defendant's automobile, which was driven by the defendant's chauffeur. No other evidence was given in the case as to the occurrence of the accident.

At the close of plaintiff's case the defendant moved for a nonsuit and dismissal of plaintiff's complaint on the ground that the plaintiff had established no actionable negligence on the part of the driver of the defendant's car, and that the infant plaintiff was guilty of contributory negligence in taking the dangerous position on the rear bumper of the Buick touring car. Counsel for defendant also called attention to a city ordinance forbidding the catching of rides on the rear of automobiles. The court reserved decision on the defendant's motion, whereupon defendant rested and renewed his motion made at the close of plaintiff's case for dismissal of the complaint. Subsequently the court, in an opinion, held the defendant liable for negligence, and that while the infant plaintiff was guilty of a violation of chapter 24, article 2, section 14, of the Code of Ordinances of the City of New York, which provides that " No person shall ride upon the back of any vehicle without the consent of the driver, and, when riding, no part of a person's body shall protrude beyond the limits of the vehicle," and that while it appeared that the infant plaintiff was riding without the consent of the driver, the court refused to hold as matter of law that the infant plaintiff was guilty of such negligence as would bar him from recovery. The court held that plaintiff's violation of the ordinance in question was not a proximate but only a very remote cause of the happening of the accident.

The evidence in this case, to my mind, establishes no negligence on the part of the driver of the defendant's taxicab. There was no evidence given from which the court could have found that the defendant was negligent in the manner in which his cab was operated. The burden was upon plaintiff to show that the accident resulted from the negligence of defendant, and that plaintiff, at the time, was guilty of no negligence contributing to his injuries. I think the record fails to disclose any negligence on the part of defendant's chauffeur, and that the proofs clearly show the infant plaintiff to have been guilty of contributory negligence barring any recovery on his part. In violation of the city ordinance the infant plaintiff placed himself in a position of extreme danger. As the result of the hazard which he took he received the injuries for which he seeks a recovery. The situation is no different from any other case where a party puts himself in any place of danger

realizing and appreciating the risk that he is taking and, if injured, he has no cause of action for the negligence of another. I do not think the contributory negligence of plaintiff was at all remote, but believe it was a direct proximate cause of the injuries which he sustained. He admitted on cross-examination that he attended school and that he had been taught the dangers and risks of traffic, and that his mother had warned him against catching rides on automobiles. The infant plaintiff admitted that he had theretofore sometimes caught rides on the rear of automobiles, and that his mother had warned him about " hitching on automobiles." He knew that he might get hurt by placing himself in such a hazardous position. I think the case is no different from what it would have been had the infant plaintiff sat down or lain down in the middle of the street and been struck by an automobile on the street. There would have been no injury to plaintiff had he not placed himself in a position of danger. He was apparently a bright boy of twelve and a half years of age, and concededly *sui juris* at the time. He gave no attention whatever to the approaching taxicab or to the dangerous position in which he was at the time. He saw the taxicab a block away approaching, but gave it no further thought until just as he was struck. Under such circumstances I do not think the court was justified in finding the infant plaintiff free from negligence which contributed to his injuries, nor do I think the court was justified in awarding the substantial verdict of $5,000 against the defendant under the proofs in this case. The plaintiff had ample opportunity when the Buick car came to a standstill to have gotten off of the rear of the car and to have gotten away from the place of danger. He gave no thought whatever for his safety, and should not now be permitted to recover by reason of the negligence of the defendant under the proofs in this case.

The judgment appealed from should be reversed, with costs, and plaintiff's complaint dismissed, with costs.

DOWLING, P. J., concurs.

SHERMAN, J. In riding on the rear bumper of the automobile in violation of the ordinance and without the driver's consent plaintiff was guilty of contributory negligence. Third avenue like other main thoroughfares in Manhattan borough is likely to be crowded with automobiles which must move with considerable speed and which owing to regulatory traffic lights and other conditions must stop with great suddenness. More or less violent contacts between motor vehicles happen with great frequency and are inevitable; practically every automobile is equipped with a bumper designed to take the shock of such collisions. Plaintiff, in sitting on the

bumper with his legs hanging over it, was careless and virtually invited the injury which befell him. I, therefore, vote for reversal of the judgment appealed from and dismissal of the complaint.

FINCH and McAVOY, JJ., dissent and vote to affirm, upon the ground that whether the defendant was guilty of negligence and the infant of contributory negligence presented questions of fact for the jury, and the verdict cannot be said to be against the weight of the evidence.

Judgment reversed, with costs, and complaint dismissed, with costs.