### FOY EDWARD NICHOLS V. STATE

No. 25361. June 20, 1951.
Appellant's Motion for Rehearing Denied Without
Written Opinion) October 10, 1951.

Hon. E. E. Jordan, Judge Presiding.

*Reynold M. Gardner*, Amarillo, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, a fine of $200.00.

The sole question presented for review is whether an indictment charging one with driving an automobile while intoxicated will support a conviction when the proof shows that he was driving a truck. As will be seen, a disposition of this case hinges upon the definition of the word "automobile."

Ballentine's Law Dictionary with Pronunciations defines an automobile as "a wheeled vehicle, propelled by steam, electricity or gasoline, and used for the transportation of *persons* or *merchandise.*"

Bouvier's Law Dictionary, Rawle's 3rd Edition, says that an automobile is "a vehicle for the carriage of *passengers* or *freight,* propelled by its own motor."

Black's Law Dictionary, 3rd Edition, defines automobile as "a vehicle for the transportation of *persons* or *property* on the highway, carrying its own motive power and not operated upon fixed tracks."

Webster's New International Dictionary, 2d Edition, Unabridged, gives us the following definition: "An automobile vehicle or mechanism; esp., a self-propelled vehicle suitable for use on a street or roadway."

Other jurisdictions have given the term "automobile" a broad interpretation. In Stanley v. Tomlin, 129 S.E. 379, it was held that " 'Automobile' is a general name adopted by proper approval for *all* forms of self-propelling vehicles for use on highways and streets for general *freight* and *passenger* service; a wheeled vehicle propelled by gasoline, steam or electricity."

The term "automobile" has been held to include a "truck" in the following cases: Kellaher v. City of Portland, 112 Pac. 1076, 57 Ore. 575; Wiese v. Polzer, 248 N.W. 113, 212 Wis. 337; Bethlehem Motors Corporation v. Flynt, 100 S.E. 693, 178 N.C. 399; L. & C. Ins. Co. of Tennessee v. Roland, 165 S.E. 293, 45 Ga. App. 467.

The Kansas City Court of Appeals in Hoover v. National Casualty Company, 162 S.W. 2d 363, approved the Bouvier's Law Dictionary definition set forth above.

In the light of the foregoing definitions and decisions, it is the holding of this court that the term "automobile," as used by

366

the legislature in defining the offense of driving while intoxicated, is a generic term which includes the motor vehicle commonly known as a "truck."

Finding no reversible error, the judgment of the trial court is affirmed.