COMBINED AMERICAN INSURANCE
COMPANY, Appellant,

v.

Mrs. Cordie GANZER, Appellee.

No. 3899.

Court of Civil Appeals of Texas.

Waco.

Oct. 5, 1961.

Brundidge, Fountain, Elliott & Bateman, Dallas, for appellant.

Bradley & Geren, Groesbeck, for appellee.

WILSON, Justice.

Appellee, as beneficiary, sued appellant for recovery under policies insuring against death of appellee's husband, as insured, occurring while he was "actually driving or riding in any automobile, bus, trolley-bus, taxicab or truck." Appellee pleaded insured lost his life "while riding on a truck, and under the terms of each of said policies" she was entitled to recover. In a non-jury trial appellee recovered judgment.

Appellant says the court erred in determining that the vehicle on which insured met his death was a "truck" under the policies, which do not define the word. The vehicle consists of an under frame and flat bed mounted on two front, and four rear rubber-tired wheels. It is self-propelled by an automotive engine, the driver being seated in a front cab. A large crane, with a separate cab for the crane operator, is permanently mounted on the rear of the frame. The crane consists of a boom and jib approximately 180 feet in length with clutches, windlass and tackle for lifting and lowering heavy loads. It is designed for highway travel, and is described by its manufacturer as a "mobile truck-crane."

The term "truck", when qualified by the language, "driving or riding in", in

our opinion, is a word of ordinary meaning. In Texas, at least, we think the term "automobile", which generally means a wheeled vehicle propelled by its own motor for the transportation of persons or property on a street or roadway, includes "truck." Nichols v. State, 156 Tex.Cr.R. 364, 242 S.W.2d 396. The word "truck", it has been said, is "now applied generally to wheeled vehicles used in carrying heavy loads." Montgomery v. State, 140 Tex.Cr.R. 81, 143 S.W.2d 945; Harrison v. State, 151 Tex. Cr.R. 606, 210 S.W.2d 591, 592; 42A Words and Phrases, pp. 249–251; 89 C.J.S. Truck p. 693. Appellant introduced in evidence the definition of the word from Webster's New Int. Dict., G & C Merriam Co., (1946), which included "any of numerous vehicles for transporting heavy articles"; any strong heavy cart or wagon, horse-drawn or self-propelled, for heavy hauling"; and a "large automotive vehicle for freight transportation." Although the policy uses both terms, appellant does not seek to differentiate "automobile" and "truck".

■ Absent the crane mounted on the vehicle in question there is no doubt the latter was a truck. The additional machinery did not transform it to something different, under the policy, and the trial court properly determined it was within the provision. Western Reserve Life Ins. Co. v. Meadows, 152 Tex. 559, 261 S.W.2d 554, 557, 560; General American Ind. Co. v. Pepper, Tex. Sup., 339 S.W.2d 660, 661; Davis v. National Cas. Co., 142 Tex. 29, 175 S.W.2d 957, 960.

■ Appellant insists there is no evidence "insured died or was injured on" the truck, or as to exactly how and where he met his death. It was stipulated he was electrocuted. The conveyance was being driven by a driver seated in its cab. Insured had instructed the driver, "never get out if you hit a highline, because when you get out of the cab and hit the ground it'll hit you." Deceased was in the rear crane cab, and by prearranged signals he sounded a horn which, the driver testified, directed the truck driver "to back up and go forward, go forward and back up, and then he gave me a distress signal, and when he did I quit the cab not knowing he was in the highline." When the driver stepped to the ground from the cab he was "knocked out". The last time he saw deceased before stepping to the ground the latter was in the crane cab. When the driver regained consciousness, the dragline was in contact with an electric highline, and the body of insured was on the truck frame "right outside the cab door", not touching the ground. The point is overruled. Cf. Standard Life & Acc. Ins. Co. v. Hardee, Tex.Civ.App., 330 S.W.2d 544, writ ref., n. r. e.; Dorsey v. Fidelity Union Cas. Co., Tex.Civ.App., 52 S.W.2d 775; Provident Life & Acc. Ins. Co. v. Nitsch, 5 Cir., 123 F.2d 600, 138 A.L. R. 399. Affirmed.