

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

August 16, 1965

Honorable Homer Garrison, Jr.
Director
Texas Department of Public
   Safety
Box 4087 - No. Austin Station
Austin, Texas

Opinion No. C-484

Re: Whether the amendment of
    Article 6687b, V.C.S., by
    House Bill 154 of the 59th
    Legislature exempts the
    operators of passenger
    automobiles, being used
    for commercial purposes,
    from obtaining a commer-
    cial operator's license.

Dear Colonel Garrison:

    We have received your letter in which you ask for an
opinion pertaining to House Bill 154 of the 59th Legislature,
Regular Session, which amends Section 3(4a) of Article 6687b,
Vernon's Civil Statutes, which amendment is effective August
30, 1965.  You state that in many cases, regular passenger
automobiles are used for the purposes of carrying commodities
for hire, for example, delivery purposes.  You ask to be ad-
vised if an operator of such passenger automobile being used
for such commercial purposes, is required to obtain a com-
mercial operator's license under said Article as amended.

    Let us first consider the pertinent provisions of the
existing Sections of Article 6687b.

    Section 1(n) of said Article reads as follows:

        "'Commercial Operator.'  Every person
    who is the driver of a motor vehicle
    designed or used for the transportation
    of property, including all vehicles used
    for delivery purposes, while said vehicle
    is being used for commercial or delivery
    purposes."

    Section 2(a) of said Article reads as follows:

        "No person, except those hereinafter
    expressly exempted, shall drive any motor
    vehicle upon a highway in this State unless
    such person has a valid license as an

-2289-

> operator, a commercial operator, or a
> chauffeur under the provisions of this
> Act."

Section 3(4a) of said Article before the amendment above mentioned, reads as follows:

> "A person operating a commercial motor
> vehicle, the gross weight of which does
> not exceed six thousand (6,000) pounds as
> that term is defined in Article 6675a-6
> of the Revised Civil Statutes of Texas,
> operated in the manner and bearing current
> farm registration plates as provided in
> Article 6675a-6a of the Revised Civil
> Statutes, who holds an operator's license,
> shall not be required to obtain a com-
> mercial operator's license. Added Acts
> 1951, 52nd Leg., p. 251, ch. 147 § 1."

We see that the last statute quoted, before the above mentioned amendment goes into effect, provides that an ordinary operator's license is sufficient to operate a commercial vehicle described in said Section if the vehicle does not exceed 6,000 pounds in weight and is operated in the manner and bearing current farm registration as provided in Article 6675a-6a.

House Bill 154 amends Section 3(4a) above quoted to read as follows:

> "A person operating a truck with a
> manufacturer's rated carrying capacity
> not to exceed 2,000 pounds, which is
> intended to include trucks commonly
> known as pickup trucks, panel delivery
> trucks, station wagons, and carry-all
> trucks, who holds an operator's license,
> shall not be required to obtain a com-
> mercial operator's license."

We see from said amendment that the operator of a farm truck is no longer exempt from securing a commercial license because of the weight of the motor vehicle, but is exempt from such license according to the carrying capacity of the motor vehicle which does not exceed 2,000 pounds. In addition, operators of other vehicles named as pickup trucks, panel trucks, station wagons, and carry-all trucks, do not require a commercial operator's license but only an ordinary operator's license.

We believe that it was the intention of the Legislature to exempt the operator of light motor vehicles from securing a commercial operator's license. The first clause of the caption to House Bill 154 reads as follows:

"An Act permitting a person holding a valid license as operator to drive certain motor vehicles."

While the amended Section 3(4a) does not use the specific words "passenger vehicle" yet we believe that it was the intention of the Legislature in exempting light vehicles to include passenger vehicles. The amendment does use the term "station wagons" and such vehicles are certainly passenger vehicles.

In Nichols v. State, 242 S.W.2d 396 (Tex.Crim. 1951) the Court held that an indictment charging one with driving an "automobile" while intoxicated supported a conviction when proof showed that defendant was driving a truck. The Court cites many authorities holding that the term "automobile" includes the term "truck."

In Combined Insurance Company v. Ganzer, 350 S.W.2d 211 (Tex.Civ.App., 1961); the Court stated that an automobile includes a truck.

If the statute involved is construed to require operators of ordinary automobiles to secure a commercial operator's license, then we doubt the constitutionality of the Act for the reason that it exempts the operators of another automobile, to wit, a station wagon, and thereby discriminates against the operators of an ordinary automobile in that it requires a greater burden than that imposed upon operators of station wagons. Under Article 6687b, Section 19, V.C.S., an operator's license is only $3.00 while that for commercial operator's license is $4.50. Under Article 6687b, Section 10, the Department of Public Safety is authorized to give examinations for all operators and acting under the broad authority of that provision, the Department of Public Safety requires a stricter examination for a commercial operator's license than for an operator's license. It also seems absurd to say that the driver of a station wagon used for commercial purposes need not pay the larger fee nor take the stricter examination and yet the driver of some light automobile must pay such high fee and take the stricter examination. It is a well settled rule that in the construction of a statute, ambiguous language or language of doubtful meaning, will not be given a construction which will render an act or provision arbitrary or discriminatory, futile or purposeless, offensive, or unreasonable. See 53 Tex.Jur.2d, 241-242, Statutes, Sec. 164.

It is also well settled that a court will never adopt a construction that will make a statute absurd or ridiculous or one that will lead to absurd conclusions or consequences if the language of the enactment is susceptible of any other meaning.  Ibid Page 243, Section 165.

Another well settled rule is that in case of apparent conflict between two acts or statutory provisions, both are to be given effect if reasonably possible.  Ibid Page 225, Section 157.

A court will also endeavor to interpret a statute so that it will be constitutional and valid and will decline to adopt a construction that will destroy or nullify it, if by any reasonable construction the enactment can be sustained.  Ibid Page 225, Section 158.

As stated above, we believe that the Legislature intended to exempt operators of all light vehicles from securing a commercial license and since an ordinary passenger vehicle is lighter than any of those specifically mentioned in the amended statute, and since the term "station wagons" includes passenger vehicles, we are of the opinion that your question should be answered in the negative.

### S U M M A R Y

The operator of a passenger automobile used for commercial purposes who owns a valid license as an operator, is exempt under Article 6687b(3)(4a), V.C.S., as amended, from securing a commercial operator's license.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By H. Grady Chandler
    Assistant

HGC/fb
APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
W. O. Shultz
Edward Moffett
Bob Flowers
Allo Crow
APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright