202 So.2d 81

Willie FERGUSON

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

7 Div. 762.

Supreme Court of Alabama.

Aug. 17, 1967.

Ed. W. Harwell, Anniston, for appellant.

Lybrand, Sides & Hamner, Anniston, for appellee.

SIMPSON, Justice.

This is a suit on an insurance policy wherein appellee, hereinafter referred to as State Farm, insured the life of J. W. Ferguson, husband of appellant, in the amount of $10,000.

The case involves the construction of an exclusion clause of a death indemnity coverage in the policy. The trial court granted the general affirmative charge in favor of appellee at the conclusion of the evidence. This appeal followed.

The facts are as follows:

State Farm issued a policy of insurance to J. W. Ferguson and Willie Ferguson, covering their 1960 Dodge automobile. The policy, insofar as here material, provided:

"* * * AUTOMOBILE DEATH INDEMNITY * * *

"COVERAGE S

"(State Farm agrees) To pay the principal sum ($10,000) * * * in the event of the death of each insured (J. W. Ferguson) which shall result directly and independently of all other causes from bodily injury caused by accident and sustained by the insured while occupying or through being struck by an automobile * * *. (Par. Added)

"* * *.

"DEFINITIONS * * *

"* * *

"Automobile—means a land motor vehicle, trailer, or semitrailer not operated on rails or crawler-treads, but does not mean: (1) a farm type tractor or other equipment designed for use principally off public roads, except while actually upon public roads, or (2) a land motor vehicle or trailer while located for use as a residence or premises and not as a vehicle, or (3) any vehicle while being used for racing, or (4) any military vehicle."

The exclusion section applicable to Coverage "S" provides that the insuring agreement does not apply:

"(a) to bodily injury sustained in the course of his occupation by any person while engaged (1) in duties incident to the operation, loading or unloading of, or as an assistant on, a public or livery conveyance or *commercial automobile* * *." (Emphasis Supplied)

With this policy in force Mr. Ferguson was killed on November 6, 1962, while operating a road machine (caterpillar road scraping machine) in the course of his employment as an operator of such machines for the County of Calhoun. At the time of his death Mr. Ferguson was engaged in

scraping a public road in Calhoun County and in turning the machine around he backed it into a fill area, off to the side of the road, causing the machine to turn over on top of him, causing instant death.

The facts were not disputed. The trial court gave the affirmative charge at the request of State Farm based upon his opinion that as a matter of law the coverage provided by the policy did not extend to the accident involved because it was excluded under section (a) above. In other words, it was the opinion of the trial court that the vehicle which caused the death of the insured was a "commercial automobile" within the meaning of the exclusion provision. We concur.

[1] Appellant argues the well-established principles applicable to the construction of insurance policies. It is true that in case of ambiguity the provisions of a policy are to be construed against the insurer. However, we do not find that ambiguity here. We think there is no room for the operation of these rules where the provisions are free from ambiguity.

[2, 3] We have found only one case involving this exact exclusion provision. In that case the court held that the term "commercial automobile" was not an ambiguous term, but "has a meaning readily ascertainable in the plain, ordinary, and popular sense of the language used." Hardee v. Southern Farm Bureau Casualty Ins. Co., (La.App.), 127 So.2d 220. This case involved the death of the insured while attempting to free his pulpwood truck which had become stuck. The policy covered the decedent's 1957 Ford passenger automobile, and carried the exact exclusion provision involved here. The court held that the pulpwood truck, which was owned by the insured, decedent, was for purposes of the exclusion clause a "commercial automobile." We think clearly under the facts here that the county-owned caterpillar road machine being operated by the decedent in the course of his employment was a "commercial automobile" within the clear meaning of the exclusion. It was certainly being used for "commercial purposes" as opposed to private or pleasure purposes and the nature of the machine itself dictates that the use to which it is to be put generally is commercial in the ordinary meaning of the term.

We are unpersuaded by the argument made by appellant that ambiguity exists in the provisions of the policy sued upon and are in agreement with the trial court that the exclusion operated to exclude recovery under the facts as shown.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.