**Marjorie NOLAND, Administratrix, etc.,
Appellant,**

v.

**ALLSTATE INSURANCE COMPANY,
Appellee.**

**No. 15667.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Oct. 29, 1970.

Mandell & Wright, Sidney Ravkind, Houston, for appellant.

Tom Lorance, Houston, for appellee; Lorance & Thompson, Houston, of counsel.

COLEMAN, Justice.

This is a suit to recover death benefits under a policy of insurance. The suit was tried to the court on stipulations of fact and the answers to requests for admissions of facts. The trial court entered judgment for the defendant. The question on appeal is the meaning to be attached to the term "commercial automobile" as used in the insurance policy.

"Coverage C2" found in "Part 3" of the policy of insurance provided a benefit in the sum of $10,000.00 for the estate of the insured in the event he died "while in or upon", an "automobile." The policy provided:

"Under Part 3:

"insured means * * *

" 'automobile' means a land motor vehicle or trailer not operated on rails or

crawler-treads, but does not mean: (1) a farm type tractor or other equipment designed for use principally off public roads, except while actually upon public roads, or (2) a land motor vehicle or trailer while located for use as a residence or premises and not as a vehicle."

"Part 3" also contained a paragraph headed "Exclusions." This paragraph begins:

"This policy does not apply under Part 3:

"(a) to bodily injury or death sustained in the course of his occupation by any person while engaged (1) in duties incident to the operation, loading or unloading of, or as an assistant on, a public or livery conveyance or commercial automobile, or (2) in duties incident to the repair or servicing of automobiles; * * *"

The insured was killed while he was operating his employer's tractor-trailer when a large boulder fell from an overpass and smashed through the windshield of the tractor.

The word "automobile," as defined in the policy, includes a tractor-trailer. Coverage depends upon the definition. Appellant contends that from the policy as a whole, the word "automobile" as used in the exclusion, means "car." The word "car" is defined in Webster's International Dictionary (2nd Ed.) as: "1. A vehicle moved on wheels; a—In general, carriage, cart, wagon, truck etc. b * * * c—Some particular vehicle so-called, as a passenger automobile * * *"

The Texas cases that have considered the question agree that the term "automobile" is a "generic term which includes the motor vehicle commonly known as a 'truck'." Nichols v. State, 156 Tex.Cr.R. 364, 242 S.W.2d 396 (1951); Combined American Ins. Co. v. Ganzer, 350 S.W.2d 211 (Tex.Civ.App.—Waco 1961, no writ hist.).

The question has been considered in other states in connection with policies of insurance, and the courts appear to be consistent in holding that a "truck" is a "commercial automobile." Kirk v. Nationwide Mutual Ins. Co., 254 N.C. 651, 119 S.E.2d 645 (1961); Youngwirth v. State Farm Mutual Automobile Ins. Co., 258 Iowa 974, 140 N.W.2d 881 (1966); Ferguson v. State Farm Mutual Automobile Ins. Co., 281 Ala. 295, 202 So.2d 81 (1967); White v. State Farm Mutual Automobile Ins. Co., 208 Va. 394, 157 S.E.2d 925 (1967); Hardee v. Southern Farm Bureau Casualty Ins. Co., 127 So.2d 220 (La.Ct. of App., 3rd Cir., 1961).

The word "automobile" as defined in the policy would include a tractor-trailer. In this case the tractor-trailer was being used for a commercial purpose. The insured was killed while engaged in duties incident to the operation of a commercial automobile in the course of his occupation. The trial court properly rendered judgment for appellee.

Affirmed.