GILLESPIE, Chief Justice:
State Farm Mutual Automobile Insurance Company (State Farm) issued to James L. Harvey an insurance policy with the following coverage:
Insuring Agreement IV — Automobile Death Indemnity, Specific Disability and Total Disability Insurance. Coverage S Division 1 — Death Indemnity. To pay the principal sum stated as applicable in the exceptions of the declarations in event of the death of each insured which shall result directly and independently of all other causes from bodily injury caused by accident and sustained by the insured while occupying or through being struck by an automobile, provided the death shall occur: * * *.
The policy contained the following exclusion:
Insuring agreement IV does not apply:
(a) to bodily injury sustained in the - course of his occupation by any person *900 while engaged (1) in duties incident to the operation, loading or unloading of, or as an assistant on, a public or livery conveyance or commercial automobile, or (2) in duties incident to the repair or servicing of automobiles; * * *.
James L. Harvey sustained fatal injuries on October 29, 1964, and died the next day. His heirs, consisting of his widow and son (plaintiffs), sued State Farm on the policy and charged in count one of their declaration that Harvey’s death resulted from an accident sustained while occupying an automobile, and the second count charged that his death resulted from being struck by an automobile. State Farm denied liability, the case was tried, and the jury returned a verdict for State Farm. Judgment was entered for defendant and plaintiffs appealed.,
A violent collision occurred on Highway 63 between Moss Point and Pascagoula, when a truck owned and operated by Jackson Packing Company of Jackson, Mississippi, ran into the rear of a garbage truck owned and operated by Jackson County. Immediately after the collision, Everett C. Poe, who was working on the garbage truck, went around to the Jackson Packing Company truck and found James L. Harvey hanging out of the driver’s side, with his foot caught under the foot pedal. Harvey, who was one of two drivers assigned to the Jackson Packing Company truck on the day of the accident, was conscious and talked to Poe as the latter assisted him out of the truck. Charles Crout, another Jackson Packing Company employee occupying the truck, was apparently killed instantly. His body was pinned in the truck and a wrecker was required to pull the truck apart in order to free Crout’s body.
Poe testified that after he had pulled Harvey two or three feet from the truck, he laid Harvey down on the black-top and had his hand under Harvey’s head. Poe further testified that a taxicab suddenly sideswiped the rear of the Jackson Packing Company truck, skidded along side, and “the next thing I knew I was under that truck part of the way, and I got out.” Poe said that although the taxicab did not strike him, it did hit Harvey. Harvey was taken to the hospital and died the next day of injuries.
Plaintiffs assign many errors involving the giving of instructions at the request of the defendant and the refusal of instructions requested by plaintiffs. One group of assignments of error involve the question of whether the Jackson Packing Company truck was a “commercial automobile” within the meaning of the exclusion clause of the policy. Plaintiffs contend that the provisions of the policy i, this regard are ambiguous, that the exclusion only excludes from coverage automobiles [1] held out for use by the public at large, and that the jury should determine whether the Jackson Packing truck was a commercial automobile. These contentions are without merit.
The proof showed without dispute that the Jackson Packing Company truck was an International Model 1800, tandem refrigerated van, with ten wheels and a 40,000 pound capacity. It was used for the exclusive purpose of hauling meat and was loaded at the time of the accident. It was kept at the Jackson Packing Company plant when not in use, and drivers were not permitted to use it for personal purposes. Harvey and Crout were both assigned to drive the truck to the Pascagoula area the day of the fatal accident, and both men were in the truck at the time of the collision.
The case of State Farm Mutual Automobile Ins. Co. v. Latham, 249 So.2d 375 (Miss.1971), involved the question of whether the vehicle involved in that case was a commercial automobile. That case was decided on the basis of the policy *901 definition of the term “commercial” as applied to the pickup truck “often used” for pleasure. In the present case the policy does not define “commercial” and the truck involved was used solely for commercial purposes. The Latham case has no application to the present problem.
In our opinion, the Jackson Packing Company truck was a commercial automobile within the meaning of the exclusionary clause. To hold otherwise would be tantamount to rewriting the policy. The Court finds no ambiguity when the words of the policy are applied to the undisputed facts of this case. Ferguson v. State Farm Mutual Automobile Ins. Co., 281 Ala. 295, 202 So.2d 81 (1967). The evidence is undisputed that Harvey was an employee of the owner of the truck and was injured in the collision with the garbage truck. There was no issue of fact to submit to the jury concerning whether or not the truck was a commercial automobile. If Harvey’s death resulted from injuries sustained in the collision between the meat truck and the garbage truck, the exclusionary clause prevents recovery. Therefore, plaintiffs were not entitled to an instruction submitting the case to the jury on the theory stated in count one of the declaration.
The only issue of fact for the jury was whether Harvey’s fatal injuries were sustained in the collision between the Jackson Packing Company truck and the garbage truck or when struck by the taxicab. This issue was submitted to the jury, and the jury found for defendant. We find no reversible error in the giving or refusing of instructions.
Plaintiffs assign as error the overruling of their motion to strike the testimony of Henry Clark. Clark testified that he was vice president of Jackson Packing Company and had been employed by that firm for sixteen or seventeen years; and that James Luther Harvey was a truck driver for Jackson Packing Company at the time of his death. He further testified to the description and type of truck involved in this case; the fact that it was used solely for meat delivery; that Jackson Packing Company had two drivers for this truck, James Luther Harvey and Charles Crout, both of whom were assigned to this vehicle; that the drivers were not allowed to use the truck for personal purposes; and that on the day of the accident, the truck had been sent to the Pascagoula area. Mr. Clark also testified to license applications and other record data, and stated that he had before him company records which were produced pursuant to a subpoena duces tecum.
On cross-examination, Mr. Clark was asked if he had any personal knowledge of the accident, and he stated that he had no personal knowledge about the particular day except what his records indicated, and that the assignment of the drivers came from his records. Plaintiffs’ attorney then moved that the hearsay testimony which the witness had given based on the records be stricken, and that the jury be instructed to disregard that testimony. No objection had been made theretofore. The motion was overuled. The context indicates that the trial judge was justified in understanding that the reference to the records did not apply to all of the testimony of this witness. The motion to strike did not advise the court as to what specific part of the witness’ testimony was sought to be stricken. This is significant because it is obvious that part of the testimony was based on knowledge other than the records. There was no further cross-examination to determine what particular part of the testimony was based on the records, and there was no clear guide for the judge to use in striking a portion of his testimony. Therefore, we are of the opinion that no reversible error was committed by the trial judge in this regard.
Plaintiffs also contend that the verdict is against the overwhelming weight of the evidence. We find ample evidence to support the verdict. The jury could have found that the taxicab did not in fact *902 strike Harvey. If the jury believed the testimony of the investigating highway patrolman, the Jackson Packing Company truck was at such an angle in the highway that it was improbable that the taxicab could have struck Harvey. The jury had a right to believe the Patrolman’s testimony.
We find no reversible error and the case should be and it is affirmed.
Affirmed.
JONES, BRADY, SMITH and SUGG, JJ., concur.

. By policy definition, automobile includes a truck.